HOUDEK v CENTERVILLE TOWNSHIP

Docket No. 273469. Submitted July 17, 2007, at Detroit. Decided July 24,
2007. Approved for publication September 6, 2007, at 9:10 a.m.

James and Madeline Houdek and Houdek's Pumping Service
brought an action in the Leelanau Circuit Court against Cen-
terville Township, seeking damages and other relief on a claim
that the defendant's ordinance regulating septage disposal and
storage violates substantive due process and equal protection,
and results in exclusionary zoning of sites where septage can be
applied to the land and septage storage tanks can be located.
The court, Philip E. Rodgers, Jr., J., granted summary disposi-
tion in favor of the defendant and dismissed the complaint. The
plaintiffs appealed.

The Court of Appeals *held*:

1. The plaintiffs currently hold permits to apply septage on two
parcels of land in the township; therefore, they cannot show that
the zoning ordinance is exclusionary because it totally prohibits
the use in question.

2. The plaintiffs' claim that, with the passage of time, the
ordinance will prevent the use of all the existing sites where
septage may be applied to the land need not be addressed because
the plaintiffs present a facial challenge concerning a future even-
tuality.

3. The plaintiffs have failed to show a total prohibition of sites
for the application of septage on the land in the township or a
demonstrated need for additional sites and, therefore, did not
establish that the ordinance is exclusionary to the extent that it
violates MCL 125.297a.

4. The plaintiffs' claim that the zoning ordinance is exclusion-
ary "as applied" with regard to the siting of septage storage
structures must fail because the construction of such structures is
allowed in the business district of the township.

5. The construction of a storage structure to house septage
waste pumped during the winter in order to comply with the
mandates of MCL 324.11711 is not a demonstrated need. The

plaintiffs failed to establish that the zoning ordinance is exclusionary and in violation of MCL 125.297a with regard to the siting of septage storage structures.

6. The provisions of MCL 324.11715 that require a municipality under certain circumstances to make a treatment facility available for waste generated within its jurisdiction does not require the municipality to make a treatment facility available within its jurisdictional boundaries. The defendant has made such a facility available, although not within its boundaries and, therefore, the ordinance does not violate the statute.

7. The four bases offered by the defendant to support the ordinance—that septage is potentially harmful to human health and the environment, that the regulatory agencies have historically done a poor job of enforcing the relevant regulations, that the septage haulers have historically violated the regulations, and that the ordinance is supported by the township's comprehensive plan—are valid and justifiable. The plaintiffs failed to show that the ordinance is constitutionally unreasonable and violates due process.

8. The plaintiffs failed to meet their burden to show that the ordinance is not rationally related to a legitimate state interest and violates their equal protection rights.

*Affirmed.*

1. CONSTITUTIONAL LAW — ZONING.

A party may establish that a land use regulation is unconstitutional, either on its face or as applied, by demonstrating that there is no reasonable governmental interest being advanced by the present zoning classification or that the ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of legitimate land use from the area in question; to have an ordinance invalidated as unconstitutional, either on its face or as applied, the plaintiff must also show that the ordinance serves no rational relation to the public health, safety, welfare, and the prosperity of the community.

2. ENVIRONMENTAL PROTECTION — SEPTAGE WASTE FACILITIES.

A governmental unit that requires that all septage waste colleted in
·  the unit be disposed of in a receiving facility, or that prohibits, or effectively prohibits, the application of such waste to the land within the unit, must make available a receiving facility that can lawfully accept all septage waste generated in the unit that is not

lawfully applied to the land, but it is not required to construct or make available such facility within its jurisdictional boundaries (MCL 324.11715).

*Zimmerman, Kuhn, Darling, Boyd, Quandt and Phelps, PLC* (by *Joseph E. Quandt* and *Gina A. Bozzer*), for the plaintiffs.

*Olson, Bzdok & Howard, P.C.* (by *Christopher M. Bzdok* and *Jeffrey L. Jocks*), for the defendant.

Amicus Curiae:

*Law Offices of Gerald Chefalo* (by *Matthew C. Connolly*) for Michigan Septic Tank Association.

Before: DAVIS, P.J., and HOEKSTRA and DONOFRIO, JJ.

PER CURIAM. Plaintiffs, James and Madeline Houdek and Houdek's Pumping Service, appeal as of right the trial court's grant of summary disposition in favor of defendant, Centerville Township, in this action challenging a zoning ordinance. Because Centerville Township's zoning ordinance regulating septage disposal and storage does not violate MCL 125.297a, is not exclusionary regarding both the land application of septage and the siting of septage storage structures, and is not unconstitutional on due process or equal protection grounds, we affirm.

I

Plaintiffs own and operate Houdek's Pumping Service in Lake Leelanau, Michigan. Plaintiffs provide septic tank pumping services to residents of Leelanau County, including residents of defendant Centerville Township. Plaintiffs have been in the septic hauling business for many years and seek to expand their

business. Plaintiffs purchased property zoned agricultural located at 3741 French Road in Centerville Township, Michigan, with the intent to apply septage collected from the area on the land and for construction of a septage holding tank. As part of their business, plaintiffs had been applying septage to other land application sites in Centerville Township for which they had the appropriate approvals from the Leelanau County Health Department and the Michigan Department of Environmental Quality (DEQ).

In October 2001, to regulate the land application of septage, defendant enacted § 9.6 of its zoning ordinances, prohibiting land application of septage in Centerville Township "if an existing public wastewater treatment or septage treatment facility in Leelanau, Grand Traverse or Benzie County has the capacity to accept Septage Waste and will accept said Waste." The zoning ordinance grandfathered land application sites that existed at the time the township enacted the ordinance, but each grandfathered site would lose its status and become subject to the ordinance's regulations when the DEQ permit for the site expired. In December 2001, plaintiffs applied for a special use permit to apply septage to land on a DEQ-approved five-acre parcel on the French Road property. Defendant approved the request in February 2002 and issued the special use permit to plaintiffs in March 2002, pursuant to §§ 9.6(B) and (C) of the ordinance. Later, defendant adopted a resolution allowing for septage waste from Centerville Township to be hauled to the Grand Traverse Septage Treatment Plant (GTSTP) after it came online in 2005. Plaintiffs also entered into a contract to haul waste to the GTSTP.

Beginning in March 2002, plaintiffs had received DEQ approval for four additional sites on the French

Road property for both surface application of septage and injection of septage under the ground on their land. But, pursuant to the zoning ordinance, because the GTSTP was online and accepting waste from Centerville Township, plaintiffs could not utilize these additional sites on their property for land application of septage. Also, over the next few years, plaintiffs repeatedly applied for land use permits for the purpose of installing a septage storage tank on their property. Defendant denied plaintiffs' requests for the reason that installation and operation of septage storage tanks are "not a permitted use within the Agricultural District."

Only able to utilize a small portion of their French Road property for land application of septage pursuant to a special use permit issued by defendant, and unable to construct a septage holding facility on their land because it is zoned agricultural, plaintiffs filed suit against defendant. Plaintiffs' complaint included five counts: exclusionary zoning of land application sites, exclusionary zoning of septage storage tanks, and violations of substantive due process and equal protection. The parties filed motions for summary disposition pursuant to MCR 2.116(C)(10). After entertaining oral argument on the matters, the trial court granted summary disposition in favor of defendant on all counts and dismissed the complaint. This appeal followed.

II

A trial court's decision on a motion for summary disposition is reviewed de novo. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003). Under MCR 2.116(C)(10), the court reviews all evidence submitted by the parties and summary disposition should be granted to the moving party only where the evidence and all legitimate inferences, when viewed in the light

most favorable to the nonmoving party, fails to establish a genuine issue regarding any material fact. *Coblentz v City of Novi*, 475 Mich 558, 567-568; 719 NW2d 73 (2006). A genuine issue of material fact exists when, giving the benefit of reasonable doubt to the opposing party, the record leaves open an issue on which reasonable minds could differ. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Further, this Court reviews de novo whether an ordinance is unconstitutional. *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 627; 673 NW2d 111 (2003). Only if there is no possible reasonable construction that would render an ordinance constitutional must a court strike it down. *Council of Orgs & Others for Ed About Parochiaid, Inc v Governor*, 455 Mich 557, 568; 566 NW2d 208 (1997). All statutes and ordinances are presumed to be constitutional and are construed so unless their unconstitutionality is clearly apparent. *Shepherd Montessori Center Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 341-342; 675 NW2d 271 (2003). The party challenging the ordinance has the burden of rebutting the presumption. *STC, Inc v Dep't of Treasury*, 257 Mich App 528, 539; 669 NW2d 594 (2003). And, due process and equal protection challenges to zoning ordinances are reviewed de novo. See *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 30; 654 NW2d 610 (2002); *Bell River Assoc v China Charter Twp*, 223 Mich App 124, 129; 565 NW2d 695 (1997).

III

Plaintiffs first argue that the zoning ordinance is exclusionary on its face regarding land application of septage within Centerville Township. This Court presumes that a challenged ordinance is valid. *Frericks v*

*Highland Twp*, 228 Mich App 575, 594; 579 NW2d 441 (1998). A party may establish that a land use regulation is unconstitutional, either on its face or "as applied," by demonstrating "(1) that there is no reasonable governmental interest being advanced by the present zoning classification or (2) that an ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question." *Id*. A facial challenge asserts that the mere existence and potential enforcement of the disputed ordinance materially and adversely affects values and precludes or restricts opportunities for all regulated property.

In raising a facial challenge, plaintiffs must specifically demonstrate that the ordinance totally excludes the proposed use in the township, *Kropf v Sterling Hts*, 391 Mich 139, 155-156; 215 NW2d 179 (1974), and that the ordinance precludes use of the property for any purposes "to which it is reasonably adapted." *Id*. at 162-163. To invalidate the ordinance on either basis, plaintiffs must further show that the ordinance serves no " ' "rational relation to the public health, safety, welfare and prosperity of the community . . . ." ' " *Frericks, supra* at 608, quoting *Christine Bldg Co v City of Troy*, 367 Mich 508, 516; 116 NW2d 816 (1962) (further citation omitted).

Plaintiffs argue in particular that the ordinance violates § 27a of the Township Zoning Act (TZA), MCL 125.297a[1] because there is a demonstrated need in the township for the land application of septage, there are

---

[1] Although repealed by 2006 PA 110, effective July 1, 2006, which enacted the Michigan Zoning Enabling Act, MCL 125.3101 *et seq.*, the TZA still controls this case. MCL 125.3702(2). We note that the prohibition against exclusionary zoning formerly found in MCL 125.297a was recodified with nearly identical language in § 207 of the Michigan Zoning Enabling Act. MCL 125.3207.

appropriate locations within the township for land application, and the use is lawful pursuant to MCL 324.11701 *et seq*. Defendant counters that the zoning ordinance is not exclusionary because it does not totally prohibit the use and there is no demonstrated need for the use. MCL 125.297a provides:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

To establish a violation of MCL 125.297a, plaintiffs must show (1) that the challenged ordinance has the effect of totally excluding the land use within the township, (2) there is a demonstrated need for the excluded land use in the township or surrounding area, (3) the use is appropriate for the location, and (4) the use is lawful. *Adams Outdoor Advertising, Inc v City of Holland*, 463 Mich 675, 684; 625 NW2d 377 (2001) *(Adams II)*; *Adams Outdoor Advertising, Inc v City of Holland*, 234 Mich App 681, 694; 600 NW2d 339 (1999) *(Adams I)*.

A review of the record reveals that there are currently two sites in the township that are approved for land application of septage. Plaintiffs admit that in February 2002, Centerville Township approved their application for a special use permit to apply septage to land on a five-acre parcel on their French Road property and issued the permit in March 2002. Also, in addition to the land owned by plaintiffs, plaintiffs admit that they have a preexisting permit to apply septage to land owned by Mike Plamondon through the grandfather clause in the ordinance. The Plamondon land is located

on South Popp Road in Centerville Township. Plaintiffs had used this site to dispose of septage by obtaining the permission of Plamondon, but Plamondon revoked his permission because of a disagreement regarding a missing tractor on Plamondon's land. Thus, the record shows that plaintiffs currently hold permits to apply septage to land on two parcels of land in Centerville Township and for this reason cannot show that the zoning ordinance is exclusionary because it totally prohibits the use.

Plaintiffs also contend that through the passage of time the ordinance will extinguish all existing septage land application sites. The ordinance does include a sunset provision, § 9.6(E), which states in pertinent part:

> a. Any existing septage disposal site in Centerville Township that has been used for Land Application of Septage and that was been [sic] permitted prior to May 9, 2001 by the Department of Environmental Quality and the Leelanau County Health Department shall automatically be granted a Special Use Permit under this Section and shall not have to apply for a permit under sub-sections B and C of this Section . . . .

> b. The Special Use Permit automatically issued pursuant to sub-section E(a) shall expire at the time when the septage disposal permit issued by the Department of Environmental Quality for a particular site also expires. Once a Special Use Permit issued pursuant to sub-section E(a) expires, any person wishing to dispose of septage on the site is required to apply for a new permit . . . .

Plaintiffs argue that the septage ordinance is in fact a total prohibition on the land application of septage because at some future time all land application of septage will be extinguished. Our Supreme Court dealt with an identical challenge regarding an ordinance regulating billboards in *Adams II, supra*. Our Supreme Court specifically rejected the argument, stating:

We note plaintiff's contention that, with the passage of time, the ordinance might effectively eliminate all billboards. If that eventuality arises, our opinion should not be construed as foreclosing an "as applied" challenge to the ordinance. However, we need not address that contention because the present case involves a facial challenge to the validity of the ordinance sections under consideration. [*Adams II, supra* at 685 n 11.]

Hence, in this facial challenge, we need not address an issue concerning a future eventuality. But we do point out that in this case, only one of the two areas approved for land application of septage, the Plamondon land, is affected by the sunset provision in the ordinance and that permit will automatically expire "at the time when the septage disposal permit issued by the Department of Environmental Quality for a particular site also expires." Section 9.6(E)(b). Plaintiffs' permit regarding the land on French Road is not subject to automatic expiration under the sunset provision because that site was not a grandfathered site. Plaintiffs applied for a special use permit and received one pursuant to §§ 9.6(B) and (C) of the ordinance after the township enacted the ordinance but before the GTSTP came online. With these facts in mind, we cannot say what the future holds for the two current sites approved for the land application of septage. There may come a point where the GTSTP is unable or unwilling to accept waste generated in Centerville Township. However, under the facts before us, plaintiffs cannot establish a total exclusion of land application sites and cannot satisfy the requirements of MCL 125.297a.[2]

---

[2] But, like our Supreme Court in *Adams II, supra* at 685 n 11, because circumstances may change in the future, "our opinion should not be construed as foreclosing an 'as applied' challenge to the ordinance."

Because plaintiffs failed to show that the ordinance constitutes a total prohibition on the proposed use, their exclusionary zoning claim must fail and we need not discuss the remaining requirements of an exclusionary zoning claim. *Adams II, supra* at 685-686. Briefly though, we note that plaintiffs have not shown a demonstrated need for additional septage land application sites in Centerville Township. After reviewing the record, we agree with the trial court's assessment in its opinion and order:

> [Plaintiffs] rely on (1) the distant locations of existing public treatment facilities; (2) the practicalities involved in hauling and disposing of septage; and (3) the volume of septage produced annually within and around Centerville Township. . . .
>
> The Township has, however, arranged for the Grand Traverse Septage Treatment Plant ("GTSTP") to receive and treat the Township's septic waste. There is also a facility available in Benzie County. Because these facilities have the capacity and will accept the waste generated in Centerville Township, there is no need for land disposal . . . in the Township.

By offering self-serving needs such as increased distance for haulers and increased costs of pumping, rather than demonstrated public needs, plaintiffs have not established that there is "a demonstrated need for [the excluded] land use within either the township or surrounding area" in accordance with MCL 125.297a. See *Outdoor Systems, Inc v Clawson*, 262 Mich App 716, 721; 686 NW2d 815 (2004) (holding that the establishment of "public need" is not demonstrated by showing a "self-serving demand").

In sum, plaintiffs have not shown a total prohibition of land application sites in Centerville Township or a demonstrated need for additional land application sites,

and therefore have not established that the zoning ordinance is exclusionary, in violation of MCL 125.297a.

IV

Next, plaintiffs assert that the zoning ordinance is exclusionary "as applied" regarding the siting of septage storage structures within Centerville Township. An "as applied" challenge alleges a current infringement or denial of a specific right or of a particular injury in the process of actual execution. *Paragon Properties Co v City of Novi*, 452 Mich 568, 576; 550 NW2d 772 (1996), citing *Village of Euclid, Ohio v Ambler Realty Co*, 272 US 365, 395; 47 S Ct 114; 71 L Ed 303 (1926). In this "as applied" challenge, like their argument regarding land application of septage, plaintiffs argue in particular that the ordinance violates MCL 125.297a because there is a demonstrated need in the township for the septage storage structures, there are appropriate locations within the township for septic storage structures, and the use is lawful pursuant to MCL 324.11701 *et seq*. Again, defendant counters that the zoning ordinance is not exclusionary because it does not totally prohibit the use and there is no demonstrated need for the use.

The trial court found, and both parties admit on appeal, that the construction of septage storage structures is allowed in Centerville Township in the business district. Thus, plaintiffs have failed to demonstrate that the zoning ordinance is exclusionary because the ordinance does not totally prohibit the use in Centerville Township. Because plaintiffs failed to show that the ordinance constitutes a total prohibition on the proposed use, their exclusionary zoning claim must fail and we need not discuss the remaining requirements of an exclusionary zoning claim. *Adams II, supra* at 685-686. But because both parties address them at length, we

will briefly address the issues raised on appeal regarding a demonstrated need for a septic storage structure in Centerville Township.

Plaintiffs argue that there is a demonstrated need for a septic storage tank in light of the ban on septage disposal on frozen ground imposed by MCL 324.11711. After reviewing the record, it is clear that this assertion fails. Admittedly, septic haulers need to dispose of septage waste during the winter months. But the record shows, and the trial court found, that the GTSTP is available and can completely satisfy the need to dispose of Centerville Township waste during those months. Thus, the construction of a storage tank to house septage waste pumped during the winter in order to comply with MCL 324.11711 is not a demonstrated need. Further, plaintiffs assert that they purchased their property, which is zoned agricultural, because it is one of the few areas appropriate in size to house a tank of the volume contemplated by plaintiffs. But plaintiffs have failed to demonstrate that a more reasonably sized storage tank or even multiple smaller tanks amounting to a larger aggregate capacity cannot be sited in the business district in accordance with the zoning ordinance. Finally, once again, plaintiffs' assertions regarding "distances to the available wastewater treatment plants in the area, and the practicalities in hauling and transporting material" are merely self-serving and do not create a demonstrated public need as required by MCL 125.297a. See *Outdoor Systems, Inc, supra.*

In sum, plaintiffs have not shown a total prohibition of the siting of septage storage structures in Centerville Township or a demonstrated need for septage storage structures, and therefore have not established that the zoning ordinance is exclusionary and in violation of MCL 125.297a.

V

Plaintiffs next argue that the zoning ordinance's prohibition of the land application of septage within its governmental unit without providing a receiving facility within that governmental unit violates § 11715 of the Natural Resources and Environmental Protection Act, MCL 324.11715. Defendant counters that the zoning ordinance does not violate MCL 324.11715 because Centerville Township made the GTSTP available to accept septage waste and is not required to construct a treatment plant within its jurisdiction. At issue is MCL 324.11715(2), which states:

> If a governmental unit requires that all septage waste collected in that governmental unit be disposed of in a receiving facility or prohibits, or effectively prohibits, the application of septage waste to land within that governmental unit, the governmental unit shall make available a receiving facility that can lawfully accept all septage waste generated within that governmental unit that is not lawfully applied to land.

The goal of statutory interpretation is to discern and give effect to the intent of the Legislature from the statute's plain language. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the meaning of a statute is clear and unambiguous, then judicial construction to vary the statute's plain meaning is not permitted. *Universal Underwriters Ins Co v Kneeland*, 464 Mich 491, 499-500; 628 NW2d 491 (2001). Our reading of MCL 324.11715(2) reveals that the language is clear and unambiguous and thus not subject to judicial construction. The section plainly states that a municipality is required to make a treatment facility available for waste that is generated within the jurisdiction. It does not state that a municipality must make a treatment facility available within

that same municipality or in an area under its jurisdiction. Because judicial construction of the statute is not permitted, further analysis of the question is prohibited and it must be enforced as written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). Because the plain language of MCL 324.11715(2) is clear that Centerville Township is not required to construct a treatment facility within its boundaries, the zoning ordinance does not violate MCL 324.11715, and plaintiffs' argument fails.

VI

Plaintiffs also contend that the zoning ordinance violates their substantive due process rights as guaranteed by US Const, Am XIV and Const 1963, art 1, § 17. Defendant asserts that the ordinance's treatment of land application of septage and siting of septage storage tanks does not violate plaintiffs' substantive due process rights because Centerville Township has legitimate governmental interests in the ordinance and the ordinance is reasonable. To establish that a zoning regulation violates plaintiffs' substantive due process rights, plaintiffs must show

> (1) that there is no reasonable governmental interest being advanced by the present zoning classification or (2) that an ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question. [*Frericks, supra* at 594.]

Three basic rules of judicial review are applicable:

> "(1) the ordinance is presumed valid; (2) the challenger has the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of the property; that the provision in question is an arbitrary fiat, a whimsical ipse dixit; and that there is not room for a

legitimate difference of opinion concerning its reasonable-
ness; and (3) the reviewing court gives considerable weight
to the findings of the trial judge." [*Id.* (citation omitted).]

Further, in order to show that an ordinance is not
rationally related to a legitimate governmental interest,
a challenger must negate " 'every conceivable basis' "
that might support the ordinance or show that the
ordinance is based " ' "solely on reasons totally unre-
lated to the pursuit of the State's goals." ' " *Conlin v
Scio Twp*, 262 Mich App 379, 391; 686 NW2d 16 (2004),
quoting *Muskegon Area Rental Ass'n v City of
Muskegon*, 465 Mich 456, 464; 636 NW2d 751 (2001)
(further citation omitted).

On appeal, plaintiffs specifically argue in their brief
on appeal that "the township may have legitimate
health, safety and welfare concerns related to the land
application of septage and as to the siting of septage
storage structures. However, the [o]rdinance enacted by
the township to address those concerns is unreasonable;
constituting a violation of substantive due process,"
especially "given the clear demonstrated need for the
land disposal sites within and surrounding the Town-
ship; the inherent difficulties in hauling all of the waste
to an entirely different county; and the realities of the
volumes of septage generated on an annual basis com-
pared with the viable disposal options available."

Defendant counters that its actions with respect to
land application of septage and the siting of septage
storage tanks are reasonable, are based on legitimate
governmental interests, and are not arbitrary. Defen-
dant offers four specific legitimate governmental inter-
ests advanced by the ordinance: "1) septage is poten-
tially harmful to human health and the environment, 2)
the DEQ and Health Department have historically done
a poor job enforcing the regulations, 3) the haulers

themselves—including [plaintiffs]—have historically violated the regulations, and 4) the ordinance is supported by Centerville Township's Comprehensive Plan."

Faced with the identical question below, the trial court reviewed this issue and found as follows:

> [Plaintiffs] claim that the [ordinance] is unreasonable because there are no facilities within the Township or the County in which to dispose of septage waste. Centerville Township has 16.4% of the holding tanks in Leelanau County and generates approximately one million gallons of septic and holding tank waste annually. Yet, the Township [ordinance] precludes septage land application and requires use of the GTSTP. Given the realities inherent in hauling waste, the increased cost, and the infeasibility of hauling all waste to the GTSTP, [plaintiffs] conclude that the [ordinance] is unreasonable.
>
> The Township, on the other hand, argues that the [ordinance] is reasonable because there are 11 land disposal sites in the County. Two of these sites are still in the Township. Besides, the Township has a legitimate interest in eliminating land disposal sites and requiring [plaintiffs] to haul waste to the GTSTP. The land application of septage carries significant potential health and environmental impacts and has significantly more impact on the environment if not properly handled. . . . Historically, land applications have not always been properly handled—waste is not tilled into the land and remains open, exposing humans and animals to infection and contamination, and is more likely to run off into the surface water; regulatory agencies have been lax in enforcing regulations designed to protect the health, welfare and safety of the citizens of the Township; and [plaintiffs] have not always complied with applicable regulations. While one might argue the competing considerations, the Township [ordinance] is neither arbitrary nor capricious.

Affording the appropriate weight to the findings of the trial court, *Frericks, supra,* we agree with its

reasoning. Our review of the record reveals that the four bases offered by defendant supporting the ordinance are valid and justifiable. Moreover, plaintiffs certainly have failed to show that the ordinance is not rationally related to a legitimate governmental interest by " '[negating] every conceivable basis' " supporting the ordinance or showed that the ordinance is based " ' "solely on reasons totally unrelated to the pursuit of the State's goals." ' " *Conlin, supra* at 391, quoting *Muskegon Area Rental Ass'n, supra* at 464 (further citation omitted). Plaintiffs have not succeeded in showing that the ordinance is constitutionally unreasonable and violates their due process rights.

VII

Finally, plaintiffs argue that the zoning ordinance, in excluding the land application of septage from Centerville Township, constitutes a denial of the equal protection guarantees in the federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 2. Defendant denies this claim, arguing that legitimate governmental interests support the ordinance, that the ordinance is reasonable, and that plaintiffs do not allege that they were treated differently from any other landowner in Centerville Township. When an ordinance is challenged on the basis of equal protection guarantees, the ordinance is presumed constitutional, and the challenging party has the burden to show that the established classification is not rationally related to a legitimate state interest. *Brittany Park Apartments v Harrison Charter Twp*, 432 Mich 798, 804; 443 NW2d 161 (1989). Where the proponent of an equal protection argument is not a member of a protected class, or does not allege violation of a fundamental right, the equal protection claim is reviewed using the rational basis test. *Yaldo v*

*North Pointe Ins Co*, 457 Mich 341, 349; 578 NW2d 274 (1998). In regard to an equal protection challenge to a governmental regulation, a two-part test is to be applied:

> "(1) Are the enactment's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation?
>
> "(2) Are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind?" [*Brittany Park, supra* at 804 (citation omitted).]

Plaintiffs have failed to meet their burden to show that the zoning ordinance at issue is not rationally related to a legitimate state interest and violates their equal protection rights. *Brittany Park Apartments, supra*. Plaintiffs merely reiterate their assertions that the zoning ordinance is exclusionary and therefore violates their equal protection rights. This argument fails because, as we have concluded above, the zoning ordinance is not exclusionary. Plaintiffs also provide vague generalizations in support of their equal protection claim. Plaintiffs state in their brief on appeal that "[t]he mere existence and threatened enforcement of the [o]rdinance materially and adversely affects septage haulers in general, and [plaintiffs] in particular, in dealing with the annual volumes of septage waste generated by Centerville Township residents." Plaintiffs have not alleged that they are treated differently from " 'persons of the same class' " and have not established that the zoning ordinance is unreasonable or arbitrary. *Brittany Park, supra* at 804 (citation omitted). Plaintiffs' equal protection claim fails.

Affirmed.