PRIORITY HEALTH v COMMISSIONER OF THE OFFICE
OF FINANCIAL AND INSURANCE SERVICES

Docket No. 278373. Submitted February 4, 2009, at Grand Rapids.
Decided May 21, 2009, at 9:05 a.m.

Priority Health, a health maintenance organization (HMO), sought a
declaratory ruling by the Commissioner of the Office of Financial and
Insurance Services on whether an HMO can require a reasonable and
uniformly applied minimum premium contribution level from an
employer under the small employer group health coverage act, MCL
500.3701 et seq. The commissioner ruled that an HMO cannot
require such a contribution. The Kent Circuit Court, George S. Buth,
J., affirmed the commissioner's ruling when Priority Health peti-
tioned for judicial review. The Court of Appeals denied Priority
Health's application for leave to appeal. The Supreme Court, in lieu
of granting leave to appeal, remanded the case to the Court of Appeals
for consideration as on leave granted. 480 Mich 1073 (2008).

The Court of Appeals held:

The Insurance Commissioner correctly ruled that the small
employer group health coverage act does not allow Priority Health
to impose minimum-contribution requirements on employers as a
condition for issuing a health benefit plan.

1. MCL 500.3707(1) provides that a small employer carrier shall
issue any health benefit plan to any small employer that applies for
the plan and agrees to make the required premium payments and to
satisfy the other reasonable provisions of the health benefit plan not
inconsistent with chapter 37 of the Insurance Code. MCL
500.3701(n) defines "premiums" as all money paid by a small
employer, a sole proprietor, eligible employees, or eligible persons as a
condition of receiving coverage from a small employer carrier, includ-
ing any fees or other contributions associated with the health benefit
plan. The minimum-contribution requirement at issue in this case is
not included in the statutory definition of "premium."

2. MCL 500.3711 provides that a small employer carrier that
offers health coverage in the small employer group market in con-
nection with a health benefit plan shall renew or continue in force
that plan at the option of the small employer or sole proprietor, but
makes specific exceptions to guaranteed renewal. Among those ex-

ceptions is lack of payment. "Lack of payment" means lack of premium payment, not lack of the minimum-contribution payment at issue. A lack of a minimum-contribution payment is not cause for nonrenewal of a policy.

Affirmed.

INSURANCE — GROUP HEALTH INSURANCE — SMALL EMPLOYER GROUP HEALTH INSURANCE PLANS — MINIMUM PREMIUM CONTRIBUTION LEVELS.

A health maintenance organization offering a small employer group health insurance plan may not impose on an employer a minimum premium contribution level as a condition for issuing coverage (MCL 500.3701[n], 500.3707[1], 500.3711).

*Nuyen, Thomtishen and Auon, P.C.* (by *Joseph T. Auon* and *Bradley H. Darling*), for the petitioner.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *William A. Chenoweth*, Assistant Attorney General, for the respondent.

Amicus Curiae:

*Honigman Miller Schwartz and Cohn LLP* (by *Timothy Sawyer Knowlton*) for the Michigan Association of Health Plans.

Before: MARKEY, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM. Petitioner, Priority Health, appeals by leave granted the circuit court's order affirming a declaratory ruling issued by respondent, Commissioner of the Office of Financial and Insurance Services.[1] We originally denied petitioner leave to appeal.[2] Thereafter, petitioner sought leave to appeal in the Michigan Su-

---

[1] In April 2008, the name of respondent's name was officially changed to the Office of Financial and Insurance Regulation. Executive Order No. 2008-1.

[2] *Priority Health v Comm'r of the Office of Financial & Ins Services*, unpublished order of the Court of Appeals, entered October 12, 2007 (Docket No. 278373).

preme Court; in lieu of granting leave to appeal, the Supreme Court remanded the matter to this Court "for consideration as on leave granted." *Priority Health v Comm'r of the Office of Financial & Ins Services*, 480 Mich 1073 (2008). For the reasons set forth in this opinion, we affirm.

## I. FACTS AND PROCEEDINGS

Petitioner is a health maintenance organization (HMO) licensed in the state of Michigan. On April 20, 2006, it requested a declaratory ruling from respondent on the following question:

> Under the Michigan Small Employer Group Health Coverage Act, MCL 500.3701 *et seq.*, may a health maintenance organization require a minimum premiums contribution level from the employer if the level is reasonable and applied uniformly?

Priority Health had refused to issue coverage under the act unless the employer contributed either 75 percent of the single premium amount or 50 percent of the total premium amount. Respondent, relying on the plain language of MCL 500.3707 and its interplay with MCL 500.3711, concluded that petitioner was not allowed to include a minimum contribution requirement in its agreements with small employers. Petitioner appealed to the circuit court, which agreed with respondent's analysis and upheld its ruling. The case is now before us.

## II. STANDARDS OF REVIEW

We review de novo questions of law, such as the proper interpretation of a statute. *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 97; 754 NW2d 259 (2008). An agency's construction of a statute

"is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons. However, these are not binding on the courts, and [w]hile not controlling, the practical construction given to doubtful or obscure laws in their administration by public officers and departments with a duty to perform under them is taken note of by the courts as an aiding element to be given weight in construing such laws and is sometimes deferred to when not in conflict with the indicated spirit and purpose of the legislature." [*Id.* at 103, quoting *Boyer-Campbell v Fry*, 271 Mich 282, 296-297; 260 NW 165 (1935).]

### III. ANALYSIS

The issue in this case is one of first impression: Does chapter 37 of the Insurance Code, MCL 500.3701 *et seq.*, allow petitioner to impose employer minimum contribution requirements as a condition for obtaining and maintaining health benefit plans? The parties agree that the answer is found in the plain language of the applicable statutes; however, they disagree on the statutes' proper interpretation. We begin by outlining the guiding rules of statutory construction.

"The goal of statutory interpretation is to discern and give effect to the intent of the Legislature from the statute's plain language." *Houdek v Centerville Twp*, 276 Mich App 568, 581; 741 NW2d 587 (2007). "If the meaning of a statute is clear and unambiguous, then judicial construction to vary the statute's plain meaning is not permitted." *Id.* "The Legislature is presumed to have intended the meaning it plainly expressed." *Watson v Bureau of State Lottery*, 224 Mich App 639, 645; 569 NW2d 878 (1997). Also, "unless explicitly defined in a statute, 'every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used.' "

*Yudashkin v Holden*, 247 Mich App 642, 650; 637 NW2d 257 (2001), quoting *Michigan State Bldg & Constr Trades Council, AFL-CIO v Director, Dep't of Labor*, 241 Mich App 406, 411; 616 NW2d 697 (2000). Because undefined terms must be given their plain and ordinary meanings, it is proper to consult a dictionary to define terms. *Allison v AEW Capital Management, LLP*, 481 Mich 419, 427; 751 NW2d 8 (2008).

The act at issue provides in part:

> A small employer carrier shall issue any health benefit plan to any small employer that applies for the plan and agrees to make the required premium payments and to satisfy the other reasonable provisions of the health benefit plan not inconsistent with this chapter. [MCL 500.3707(1).]

Thus, the first question is whether minimum contribution requirements are properly considered part of "the required premium payments."

"Premium" is statutorily defined as "all money paid by a small employer, a sole proprietor, eligible employees, or eligible persons as a condition of receiving coverage from a small employer carrier, including any fees or other contributions associated with the health benefit plan." MCL 500.3701(n). Petitioner argues that a minimum contribution requirement is included in the definition of premium because it is a "contribution" associated with the health benefit plan. "Contribution" is defined as "something contributed." *Random House Webster's College Dictionary* (2000). "Contribute" means to give money along with others, "as to a common supply or fund." *Id.* "Associate" means to connect, join, combine, unite, or bring into relation with. *Id.* A "health benefit plan" is "an expense-incurred hospital, medical, or surgical policy or certificate, nonprofit health care corporation certificate, or health maintenance organization contract," MCL

500.3701(k), and refers to the agreement between the insurer and employer, see MCL 500.3713. Taken together, the plain definition of "premium" is all money paid, including fees and any other money given that is connected to the agreement between the insurer and the employer paid by the listed individuals. It does not explicitly authorize an HMO to impose minimum contribution requirements. Rather, it merely legislates that all money paid be considered part of the premium.

"Minimum contribution requirements" is a term of art; it has a particular meaning. While legal terms of art are to be accorded their peculiar and appropriate meanings, *Allison, supra* at 427, the Legislature did not use the words "minimum contribution requirements." In order to reach the conclusion advocated by petitioner and the amicus curiae, we would have to define "other contributions" beyond its plain, ordinary meaning and use a technical, term-of-art definition. Such a construction of an unambiguous statute is impermissible. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 705; 736 NW2d 594 (2007) (It is a violation of "a cardinal cannon of statutory interpretation" to read language into statutory provisions.). "When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional." *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448; 656 NW2d 366 (2002). Further, "[e]ach word of a statute is presumed to be used for a purpose, and, as far as possible, effect must be given to every clause and sentence. The Court may not assume that the Legislature inadvertently made use of one word or phrase instead of another." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000) (citations omitted).

Still, holding that "minimum contribution requirements" are not included in the act's definition of "premium" does not end our analysis. MCL 500.3707(1) requires[3] petitioner to issue a plan to any employer that applies for the plan, agrees to make the required premium payments, and agrees "to satisfy the other reasonable provisions of the health benefit plan not inconsistent with" chapter 37. Therefore, the second question is whether petitioner's provision for a minimum contribution requirement is both reasonable and not inconsistent with the other provisions in chapter 37.

MCL 500.3711 states:

(1) Except as provided in this section, a small employer carrier that offers health coverage in the small employer group market in connection with a health benefit plan shall renew or continue in force that plan at the option of the small employer or sole proprietor.

(2) Guaranteed renewal under subsection (1) is not required in cases of: fraud or intentional misrepresentation of the small employer or, for coverage of an insured individual, fraud or misrepresentation by the insured individual or the individual's representative; lack of payment; noncompliance with minimum participation requirements; if the small employer carrier no longer offers that particular type of coverage in the market; or if the sole proprietor or small employer moves outside the geographic area.

The doctrine of *expressio unis est exclusio alterius* provides that "an express mention of one thing generally implies the exclusion of other similar things that were not mentioned." *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 151; 662 NW2d 758 (2003). While the doctrine cannot be applied

---

[3] The use of the word "shall" in the statute legislates mandatory action. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008).

if it defeats the Legislature's intent, it is a means to determine that intent. *Id.* Under MCL 500.3711(2), the Legislature delineated six specific reasons for which an insurer does not have to renew a health benefit plan. Had it intended to permit nonrenewal for failure to pay minimum contribution requirements, it could have so specified. It did not.

Therefore, petitioner's minimum contribution requirement is included in MCL 500.3711(2), if at all, under the lack of payment category. The statute does not define "payment." Black's Law Dictionary (8th ed) defines the term as "[p]erformance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation." So, lack of payment means lack of payment of the premium. As all money paid in connection with the plan is part of the premium, MCL 500.3701(n), it is to that payment that MCL 500.3711(2) must necessarily refer. Because "premium" does not include "minimum contribution requirements," failure of the employer to pay the contribution is not cause for nonrenewal. It would be unreasonable and inconsistent to require such contributions as a prerequisite for initial coverage when renewal could not be denied on the basis of a failure to pay those contributions. Accordingly, we hold that respondent correctly ruled that the small employer group health coverage act does not allow petitioner to impose minimum contribution requirements on employers as a condition for issuing a health benefit plan.[4]

---

[4] Much was made below of the legislative history of MCL 500.3711. The House version expressly included noncompliance with minimum participation "or employer contribution" requirements among the permissible grounds for nonrenewal, while the Senate version did not. SB 460; 2003 Journal of the House 745-748. The House's additional language was left out of the final version adopted by the conference committee. 2003 Journal of the Senate 1023, 1028; 2003 Journal of the House 1089, 1094.

Additionally, we find no merit in petitioner's argument that respondent previously interpreted a similarly worded statute, MCL 500.2213b,[5] to allow minimum contribution requirements before chapter 37 was enacted and that such an interpretation should be employed in the context of chapter 37. Because petitioner fails to cite any authority to support its assertion that respondent has always interpreted MCL 500.2213b in the manner advocated, we consider this argument abandoned. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008) (a party may not simply announce its position and leave it to this Court to look for authority to support or reject the position). In any event, we are not bound by the decisions of administrative agencies on questions of law. *In re Complaint of Rovas, supra* at 102.

Finally, petitioner argues that allowing minimum contribution requirements is good public policy and consistent with the purpose of chapter 37. But as this Court has observed, "[t]he Michigan Legislature is the

---

Because the statute is unambiguous, we have no reason to turn to the legislative history. *City of Warren v Detroit*, 261 Mich App 165, 169; 680 NW2d 57 (2004). In any event, legislative history is of little value. Equally cogent arguments can be made for why the language was stricken. Either it was an intentional rejection of minimum contribution requirements or it was unnecessary because it was already encompassed by the term "lack of payment."

[5] MCL 500.2213b states, in pertinent part,

(2) Except as provided in this section, an insurer that delivers, issues for delivery, or renews in this state an expense-incurred hospital, medical, or surgical group policy or certificate under chapter 36 shall renew or continue in force the policy or certificate at the option of the sponsor of the plan.

(3) Guaranteed renewal is not required in cases of fraud, intentional misrepresentation of material fact, lack of payment, if the insurer no longer offers that particular type of coverage in the market, or if the individual or group moves outside the service area.

proper institution in which to make such public policy determinations, not the courts." *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 45; 737 NW2d 187 (2007). Thus, we do not address petitioner's policy arguments.

We affirm. No taxable costs pursuant to MCR 7.219, a question of public policy involved.