**Lansing, Michigan**

# Opinion

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

FILED MAY 17, 2011

S T A T E  O F  M I C H I G A N

SUPREME COURT

PRIORITY HEALTH,

      Petitioner-Appellant,

v

No. 139189

COMMISSIONER OF THE OFFICE OF
FINANCIAL AND INSURANCE
SERVICES,

      Respondent-Appellee.

BEFORE THE ENTIRE BENCH

MARILYN KELLY, J.

This appeal involves the small employer group health coverage act,[1] which establishes requirements for insurance carriers that offer health insurance benefit plans to small employers in Michigan. We address the narrow issue of whether § 3711(2) of the

---

[1] MCL 500.3701 *et seq.*

act, MCL 500.3711(2), prevents a carrier from requiring a small employer to pay a minimum percentage of its employees' health insurance premiums.[2]

Both the Court of Appeals and the Commissioner of the Office of Financial and Insurance Services (OFIS)[3] concluded that minimum employer contribution provisions are inconsistent with the act. They reasoned that an employer's failure to pay a minimum percentage of its employees' premiums is not among the reasons in MCL 500.3711(2) that a carrier may refuse to renew an insurance plan. We disagree with this rationale and reverse their decisions. We hold that merely because the Legislature did not include noncompliance with a minimum employer contribution provision among the reasons for nonrenewal does not render the provision unreasonable or inconsistent with § 3711(2).

## BACKGROUND[4]

Priority Health is a nonprofit corporation that the state of Michigan has licensed as a health maintenance organization. It offers health benefit plans to many employers in Michigan, including small-employer groups covered by the act. Its policies require

---

[2] We decline to address the broader issue of whether such required contributions are unreasonable or inconsistent with the act for any other reason. The commissioner and the lower courts based their rulings on the determination that minimum employer contribution requirements conflict with MCL 500.3711(2). We reverse that determination and therefore need not address arguments on which no definitive ruling was issued below.

[3] OFIS has since been renamed the Office of Financial and Insurance Regulation.

[4] Because this dispute involves an OFIS declaratory ruling, no administrative agency hearing was conducted, and the record consists of those facts specifically identified by Priority Health in its request for a declaratory ruling. Mich Admin Code, R 500.1043(2).

minimum employer contributions.[5]  Employers contracting with it must agree to contribute a certain portion of the insurance premium.  Priority Health asserts that a minimum employer contribution requirement combats "adverse selection"—the tendency of healthy people to decline health insurance because of its cost—by encouraging a greater number of healthy employees to participate in the plan, thereby allowing carriers to charge lower premiums.[6]

In April 2006, Priority Health requested a declaratory ruling from OFIS.[7]  It asked whether a health maintenance organization may require small employers to contribute a specific minimum in payment of the premiums if that minimum is reasonable and is applied uniformly.  Priority Health asserted that a minimum employer contribution requirement is designed to address adverse selection.  It argued that, by ensuring that a portion of the cost is borne by the employer, the financial burden on the employees is lessened.  This makes it more likely that healthy employees will participate in the plan.

The commissioner[8] issued a declaratory ruling in which she concluded that the mandated employer contribution in Priority Health's policies is unreasonable and

---

[5] A minimum employer contribution provision requires an employer to contribute a portion of an employee's premium.  Minimum contribution requirements set a ceiling on the health insurance expenses an employer may pass on to its employees.  This ceiling is often expressed as a percentage of the premium.

[6] See *In re Priority Health Declaratory Ruling Request*, entered June 7, 2006, Order No. 06-021-M (OFIS Ruling), p 5.

[7] See MCL 24.263, which permits an agency to issue a declaratory ruling on the application of a statute to particular facts.

[8] At the time, the commissioner was Linda Watters.  The current commissioner is Kevin Clinton.

inconsistent with the act. She reasoned that an employer's failure to pay a portion of the premiums is not one of the conditions in MCL 500.3711(2) that permits a carrier to refuse to renew coverage.

Priority Health appealed the ruling in the circuit court, which affirmed it. Applying the standard of review in MCL 24.306(1), the circuit court concluded that the commissioner's interpretation of the act was not arbitrary or capricious. As a result, it concluded that the ruling should be affirmed.[9]

Priority Health sought leave to appeal in the Court of Appeals, arguing that the OFIS ruling and the circuit court's decision conflicted with the language of the act. It further argued that its minimum employer premium contribution requirement advances the act's purposes because it encourages employee participation and protects against adverse selection. The Court of Appeals denied Priority Health's application for leave to appeal, with Judge SMOLENSKI indicating that he would grant the application.[10] However, this Court remanded the case to the Court of Appeals as on leave granted.[11]

On remand, the Court of Appeals affirmed the decision of OFIS in a published opinion per curiam.[12] Most significant to our analysis, it agreed with the commissioner's

_____

[9] The circuit court applied an improperly high standard when reviewing the OFIS ruling. The arbitrary-or-capricious standard does not apply to the interpretation of statutory provisions. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008).

[10] *Priority Health v Comm'r of the Office of Fin & Ins Servs*, unpublished order of the Court of Appeals, entered October 12, 2007 (Docket No. 278373).

[11] *Priority Health v Comm'r of the Office of Fin & Ins Servs*, 480 Mich 1073 (2008).

[12] *Priority Health v Comm'r of the Office of Fin & Ins Servs*, 284 Mich App 40; 770 NW2d 457 (2009).

4

legal conclusion. Consequently, it held that the act does not permit carriers to impose a minimum employer contribution requirement on small employers as a condition for issuing a health benefit plan.[13]

This Court granted leave to appeal to determine (1) whether, as part of a plan, an insurer or licensed health maintenance organization can require an employer to pay a specific percentage of the premium charged for each employee and (2) whether MCL 500.3711(2) limits the provisions that can be included in such policies.[14]

## STANDARD OF REVIEW

We review OFIS declaratory rulings in the same manner as any agency final decision or order issued in a contested case.[15] Here, OFIS was requested to interpret a statute. Statutory interpretation is a question of law, which we review de novo.[16] However, an agency's interpretation of a statute regarding matters it is charged with regulating is entitled to respectful consideration and should not be overruled without cogent reasons.[17]

---

[13] *Id.* at 47.

[14] *Priority Health v Comm'r of the Office of Fin & Ins Servs*, 485 Mich 1069 (2010).

[15] MCL 24.263.

[16] *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009).

[17] *In re Rovas Complaint*, 482 Mich at 103.

KEY PROVISIONS OF THE ACT

The act regulates small employer group health coverage in Michigan. The Legislature adopted it in 2003 in an effort to resolve problems specific to the small-employer market. The act requires every insurance carrier wishing to provide health care benefits to small employers in Michigan to offer all of its small-employer health plans to all small employers.[18] At MCL 500.3707(1), it also requires a small-employer carrier to issue any health benefit plan it markets to any small employer that: (1) applies for the plan, (2) agrees to pay the required premium, and (3) agrees to satisfy other reasonable provisions of the health benefit plan not inconsistent with the act.

The act provides that the carriers of small-employer benefit plans must renew the policies they issue to small employers, except under very limited circumstances. At MCL 500.3711, it states:

> (1) Except as provided in this section, a small employer carrier that offers health coverage in the small employer group market in connection with a health benefit plan shall renew or continue in force that plan at the option of the small employer or sole proprietor.
>
> (2) Guaranteed renewal under subsection (1) is not required in cases of: fraud or intentional misrepresentation of the small employer or, for

___

[18] MCL 500.3701(p) defines "small employer" as follows:

> [A]ny person, firm, corporation, partnership, limited liability company, or association actively engaged in business who, on at least 50% of its working days during the preceding and current calendar years, employed at least 2 but not more than 50 eligible employees. In determining the number of eligible employees, companies that are affiliated companies or that are eligible to file a combined tax return for state taxation purposes shall be considered 1 employer.

6

coverage of an insured individual, fraud or misrepresentation by the insured individual or the individual's representative; lack of payment; noncompliance with minimum participation requirements; if the small employer carrier no longer offers that particular type of coverage in the market; or if the sole proprietor or small employer moves outside the geographic area.

Hence, MCL 500.3707 and MCL 500.3711 read together require every carrier of small-employer benefit plans to make all its plans available to all small employers. With six exceptions, the carrier must renew the coverage at the employer's option.

## ANALYSIS

The act does not expressly permit carriers of small-employer benefit plans to mandate a minimum employer contribution in their policies. However, it does permit them to include provisions that are "reasonable" and "not inconsistent" with the act.[19] As a consequence, minimum employer contribution requirements are permissible so long as they are "reasonable" and "not inconsistent" with the act.

In her ruling, the commissioner relied on her interpretation of the guaranteed-renewal provisions in MCL 500.3711. They require small-employer carriers to guarantee renewal of their health plans at the option of the employer, except in six expressly identified circumstances. Failure to comply with a minimum employer contribution requirement is not one of those circumstances. Hence, the commissioner concluded that a carrier must renew coverage without regard to the level of an employer's contribution to the total cost of the plan.

---

[19] MCL 500.3707(1).

7

She reasoned that it would be inconsistent to "allow a minimum contribution requirement at the time coverage is issued, yet mandate renewal without regard to the employer's share."[20] And she concluded that Priority Health's minimum contribution requirement was unreasonable because it was inconsistent with the guaranteed-renewal provisions of MCL 500.3711.[21]

Likewise, the Court of Appeals based its decision on the guaranteed-renewal provisions in MCL 500.3711. Following a rationale similar to that of the commissioner, the Court found it "unreasonable and inconsistent to require [minimum employer] contributions as a prerequisite for initial coverage when renewal could not be denied on the basis of a failure to pay those contributions."[22]

Both the commissioner and the Court of Appeals improperly relied on the guaranteed-renewal provisions of MCL 500.3711 to conclude that minimum employer contribution requirements are impermissible in small-employer policies. Our reading of chapter 37 of the Insurance Code, in which the act is found, persuades us that minimum employer contribution requirements are not inconsistent with MCL 500.3711. The guaranteed-renewal provisions do not limit the initial coverage that can be included in a policy. Rather, they mandate renewal of the initial policy that was offered to the

---

[20] OFIS Ruling, p 16.

[21] *Id.* at 30.

[22] *Priority Health*, 284 Mich App at 47.

8

employer once it is in effect.  Any provisions included in the initial policy are part of the policy that must be renewed at the employer's option according to MCL 500.3711(1).

If a minimum employer contribution requirement is included as a provision of the initial policy, it is part of the policy being offered for renewal.  If the employer determines that it cannot or does not wish to make such a contribution, it is free to decline to renew the policy.  This differs from a situation where the carrier refuses to renew the policy for a reason not among the permissible reasons enumerated in MCL 500.3711(2).  Nothing in chapter 37 prevents an employer from declining to renew the policy.

Moreover, under the Court of Appeals' rationale, any proposed health benefit plan provision which MCL 500.3711(2) does not expressly permit would be unreasonable and inconsistent with chapter 37.  This means that a carrier could not require an employer to agree to an arbitration clause, merger or integration clause, or other common provision that it did not write into the initial policy.  According to the Court of Appeals' reasoning, small-employer carriers would not be able to include *any* provisions in their plans that the act does not expressly permit.

Yet chapter 37 does not require a proposed policy provision to be expressly authorized by chapter 37 before a small-employer carrier can include it in a policy.  Such an interpretation would effectively read out of the act the language of MCL 500.3707(1) that permits a carrier to include "other reasonable provisions of the health benefit plan not inconsistent with this chapter."  If the only provisions a carrier could include in a policy were those expressly enumerated in the exceptions to guaranteed renewal, it could never include other reasonable provisions.  A critical tenet of statutory construction is to give

9

meaning to every portion of a statute, and interpretation of a provision that renders any part of the statute surplusage is to be avoided.[23]

Assuredly, the guaranteed-renewal provisions could be said to conflict with, and thus preclude, the inclusion of certain provisions in a health benefit plan for initial coverage. MCL 500.3711(2) lists only six reasons why a carrier can terminate or refuse to renew a health plan that has already been issued. A provision that attempted to broaden those exceptions would conflict with MCL 500.3711 and would be impermissible in a policy for initial coverage.

For example, a termination-at-will provision cannot be reconciled with the guaranteed-renewal provisions and therefore would be prohibited. But MCL 500.3711 does not preclude a carrier from including a reasonable provision in a policy for initial coverage that does not conflict with the enumerated reasons for nonrenewal.

## CONCLUSION

We give respectful consideration to the commissioner's interpretation of chapter 37. But MCL 500.3711(2) does not support her conclusion that a minimum employer premium contribution provision is inconsistent with the act. An insurance carrier is not prohibited from including a provision in plans offered to small employers simply because it is not listed in MCL 500.3711(2) among the reasons for nonrenewal. Rather, unless a provision directly conflicts with the enumerated reasons, it may be included in a plan so

---

[23] *In re MCI Telecom Complaint*, 460 Mich 396, 414; 596 NW2d 164 (1999).

10

long as it is reasonable and not inconsistent with chapter 37.[24] We do not reach the question of whether Priority Health's minimum employer premium contribution provision is unreasonable or inconsistent with the act for reasons not presented in this case. We reverse the judgment of the Court of Appeals, vacate the OFIS declaratory ruling, and remand this case to OFIS for reconsideration of plaintiff's motion for declaratory judgment in light of this opinion.

Marilyn Kelly
Michael F. Cavanagh
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

---

[24] MCL 500.3707(1).

11

S T A T E   O F   M I C H I G A N

SUPREME COURT

PRIORITY HEALTH,

       Petitioner-Appellant,

v                                          No. 139189

COMMISSIONER OF THE OFFICE OF
FINANCIAL AND INSURANCE
SERVICES,

       Respondent-Appellee.

_____

YOUNG, C.J. (*concurring*).

I concur with the majority opinion because I believe that the Commissioner of the Office of Financial and Insurance Services (OFIS)[1] erroneously concluded that minimum employer contribution requirements are inconsistent with the small employer group health coverage act (SEGHCA)[2] because noncompliance with a minimum employer contribution requirement is not listed among the exceptions to the guaranteed renewal provisions contained in the act.[3] I offer several observations for the commissioner to consider on remand.

---

[1] Executive Order 2008-02 changed the name of the agency from the Office of Financial and Insurance Services (OFIS) to the Office of Financial and Insurance Regulation (OFIR).

[2] MCL 500.3701 *et seq.*, which is chapter 37 of the Insurance Code.

[3] MCL 500.3711.

The petitioner in this matter, a Michigan health maintenance organization (HMO), requires that all small employers[4] pay either 75 percent of the single premium amount or 50 percent of the total premium amount, at the employer's option, as a condition of coverage. A small employer *cannot obtain* health insurance from petitioner unless the employer agrees to pay 50 or 75 percent of the premium,[5] even if the premiums are otherwise paid in full.

The SEGHCA establishes various requirements for carriers[6] that offer health

---

[4] A "small employer" is defined as a

> person, firm, corporation, partnership, limited liability company, or association actively engaged in business who, on at least 50% of its working days during the preceding and current calendar years, employed at least 2 but not more than 50 eligible employees. In determining the number of eligible employees, companies that are affiliated companies or that are eligible to file a combined tax return for state taxation purposes shall be considered 1 employer. [MCL 500.3701(p).]

[5] Petitioner requested a declaratory ruling after OFIS posted its informal opinion under the "Small Employer Group Health Coverage Act FAQ" section of its website:

> *Q.* Can a small employer carrier require a minimum contribution level (either dollar or percentage) by the employer *as a condition of coverage*?
>
> *A.* No, Chapter 37 does not allow small employer carriers to require a contribution level that must be paid by the employer sponsor.

<http://www.michigan.gov/dleg/0,1607,7-154-10555_13648-82698--,00.html#Q17> (accessed April 29, 2011) (emphasis added).

[6] A "carrier" is defined as including commercial insurance companies, HMOs, nonprofit health care corporations, and multiple employer welfare arrangements. MCL 500.3701(d).

insurance benefit plans[7] to small employers in Michigan. As a condition of transacting business with small employers in Michigan, a small employer provider is required to offer its entire menu of small employer health plans to any small employer. MCL 500.3707(1) provides:

> As a condition of transacting business in this state with small employers, every small employer carrier shall make available to small employers all health benefit plans it markets to small employers in this state. A small employer carrier shall be considered to be marketing a health benefit plan if it offers that plan to a small employer not currently receiving a health benefit plan from that small employer carrier. *A small employer carrier shall issue any health benefit plan to any small employer that applies for the plan and agrees to make the required premium payments and to satisfy the other reasonable provisions of the health benefit plan not inconsistent with this chapter* [chapter 37 of the Insurance Code, MCL 500.100 *et seq.*].[8]

Thus, under the SEGHCA, an insurer "shall issue" health insurance coverage to any small employer who does three things: (1) applies for the plan, (2) agrees to make the required premium payments, and (3) satisfies the other reasonable provisions of the health benefit plan not inconsistent with chapter 37, in which the SEGHCA is codified.

The issue in this case is whether requiring a minimum employer contribution as a condition of coverage is a "reasonable provision" that is not "inconsistent with" chapter 37 of the Insurance Code. By including the adjective "reasonable," the Legislature has indicated that the reasonableness of small employer health insurance plan provisions may

---

[7] A "health benefit plan" or "plan" means "an expense-incurred hospital, medical, or surgical policy or certificate, nonprofit health care corporation certificate, or health maintenance organization contract." MCL 500.3701(k).

[8] Emphasis added.

3

be considered and evaluated, even if the contractual provision at issue does not otherwise conflict with the statutory provisions contained in the SEGHCA.[9]

However, it is not within the purview of the judicial branch to determine whether a particular insurance provision is "reasonable." Rather, "the explicit 'public policy' of Michigan is that the reasonableness of insurance contracts is a matter for the executive, not judicial, branch of government."[10] This is because "the Legislature has assigned the responsibility of evaluating the 'reasonableness' of an insurance contract to the person within the executive branch charged with reviewing and approving insurance policies: the Commissioner of Insurance."[11]

Moreover, the commissioner's determination regarding the reasonableness of a contractual provision is entitled to great deference under the limited standard of review that Michigan courts apply when reviewing the decisions of administrative agencies.[12] If the commissioner were to conclude on remand that compulsory minimum employer contributions are not "reasonable," the petitioner would bear the burden of establishing

---

[9] In considering whether minimum employer contribution requirements are consistent with the SEGHCA, I note that the Legislature has identified only one circumstance under which a small employer carrier may impose "a condition of coverage" and "deny coverage to a small employer" if the condition is not met: when the small employer had failed to meet the minimum participation rules described in MCL 500.3709.

[10] *Rory v Continental Ins Co*, 473 Mich 457, 476; 703 NW2d 23 (2005).

[11] *Id.* at 475; see also MCL 500.2236; MCL 500.2242.

[12] MCL 500.244(1) provides that judicial review of the commissioner's actions is provided by the Administrative Procedures Act, MCL 24.201 *et seq*.

4

that its substantial rights have been prejudiced[13] because the commissioner's reasonableness determination was "[a]rbitrary, capricious or clearly an abuse or unwarranted exercise of discretion."[14] The commissioner's declaratory ruling identified several factors that *could* support a determination that the imposition of minimum employer contribution requirements is not reasonable.

Because it is the responsibility of the commissioner to make the determination in the first instance regarding whether a minimum employer contribution requirement is a "reasonable provision" that is not "inconsistent with" the SEGHCA, I concur with the majority opinion and concur in remanding this case for reconsideration of petitioner's motion for declaratory judgment.

Robert P. Young, Jr.

---

[13] It is unclear whether petitioner has a "substantial right" to require minimum employer contributions as a condition of coverage in its health insurance contracts. Black's Law Dictionary (8th ed), p 1349, defines "substantial right" as "[a]n *essential right* that potentially affects the outcome of a lawsuit and is capable of legal enforcement and protection, as distinguished from a mere technical or procedural right." (Emphasis added.)

[14] MCL 24.306(1)(e) provides that a court shall set aside a decision of an administrative agency "if substantial rights of the petitioner have been prejudiced because the decision or order" is "[a]rbitrary, capricious or clearly an abuse or unwarranted exercise of discretion." Any factual findings in support of the reasonableness determination are affirmed if "supported by competent, material and substantial evidence on the whole record." MCL 24.306(1)(d).