METROPOLITAN LIFE INSURANCE COMPANY v CHURCH

Docket No. 81046. Submitted October 2, 1985, at Detroit.—Decided
   April 8, 1986.
   Metropolitan Life Insurance Company issued a life insurance
   policy insuring Johnny Wilmore. Rose Marie Church was listed
   as the beneficiary and was designated as a friend. Wilmore and
   Church subsequently married and, approximately four years
   later, were divorced. The judgment of divorce provided that any
   rights of either party in insurance policies on the other, as
   beneficiary, were extinquished unless specifically preserved by
   the judgment. The judgment made no specific preservation of
   rights. Wilmore did not change his beneficiary after the divorce
   and remained friends with Church. Wilmore remarried and,
   eight years later, died. Both Church and Wilmore's widow
   claimed entitlement to the insurance proceeds. Metropolitan
   Life Insurance Company filed an interpleader action against
   Rose Marie Church and Iima Wilburn Wilmore, the widow, in
   Wayne Circuit Court to determine which of the two claimants
   was entitled to the proceeds. The court, Thomas J. Foley, J.,
   granted summary judgment in favor of Iima Wilburn Wilmore
   on the ground that a statute made Church ineligible to collect
   the proceeds. Church appealed. *Held:*
   The Legislature intended that all rights of a wife in a divorce
   action in and to the proceeds of any contract of insurance upon
   the life of her husband, regardless of when and how she was
   named as beneficiary, are to be determined by the divorce
   judgment. The divorce judgment in this case did not preserve
   any rights in either party. Any rights existing prior to the
   divorce were therefore extinquished by the divorce judgment.
   Affirmed.

### REFERENCES
Am Jur 2d, Insurance §§ 350, 1124, 1714.
Am Jur 2d, Statutes §§ 142-341.
Divorce decree purporting to award life insurance to husband as
   terminating wife-beneficiary's rights notwithstanding failure to
   formally change a beneficiary. 70 ALR3d 348.
See also the annotations in the ALR3d/4th Quick Index under
   Beneficiaries.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A court in considering a motion for summary judgment on the ground that except as to the amount of damages there is no genuine issue as to any material fact must interpret all facts, giving the benefit of any reasonable doubt to the nonmoving party (GCR 1963, 117.2[3]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The primary rule governing the interpretation of statutes is to ascertain and give effect to the intention of the Legislature; all other rules serve but as guides to assist the courts in determining such intent with a greater degree of certainty.

3. STATUTES — JUDICIAL CONSTRUCTION.

A bare reading of a statute suffices and no interpretation is necessary where the language employed in the statute is plain, certain, and unambiguous.

4. STATUTES — JUDICIAL CONSTRUCTION.

Effect must be given, if possible, to every word, sentence and section when interpreting a statute; to that end the entire act must be read, and the interpretation to be given to a particular word in any given section is to be arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.

5. INSURANCE — DIVORCE — RIGHTS OF DIVORCED WIVES.

All rights of a wife in a divorce action in and to the proceeds of any contract of insurance upon the life of her husband, regardless of when and how she was named as beneficiary, are to be determined by the divorce judgment; the divorced wife's interest as beneficiary under a contract of insurance is extinguished by operation of law unless the court or the divorced husband affirmatively preserves the divorced wife's rights to the insurance proceeds (MCL 552.101; MSA 25.131).

6. STATUTES — JUDICIAL CONSTRUCTION.

A court may not change the plain meaning of an unambiguous statute by interpretation, unless a literal reading would produce an absurd or unjust result.

*Posner, Posner & Posner* (by *Samuel Posner* and *Gerald F. Posner*), for cross-plaintiff.

*Bernstein & Bernstein, P.C.* (by *Mikael G. Hahner* and *Harvey M. Howitt*), for Rose Marie Church.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER, JR.,* JJ.

PER CURIAM. This is an interpleader action to determine whether appellant Church, ex-wife of decedent Johnny Wilmore, or appellee Iima Wilburn Wilmore, widow of the deceased, is entitled to the proceeds of an insurance policy on the life of the deceased. The policy in question was issued by plaintiff Metropolitan Life Insurance Company. Cross-defendant-appellant Church appeals as of right from the trial court's award of summary judgment to cross-plaintiff-appellee, pursuant to former GCR 1963, 117.2(3), now MCR 2.116(C)(10). We affirm.

In considering a motion under GCR 1963, 117.2(3), the court must interpret all facts, giving the benefit of any reasonable doubt to the nonmoving party. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). So interpreted, the facts are that on October 25, 1966, before the decedent and Church were married, and before they even contemplated marriage, the decedent made Church the beneficiary of this life insurance policy. The insurance policy listed Church as a "friend". Church and the decedent were married November 5, 1967. They were divorced on August 6, 1971. The judgment of divorce provided in pertinent part:

*"INSURANCE*
"IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other, as beneficiary, are hereby extinguished unless specifically preserved by this Judgment."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Decedent did not change his beneficiary after the divorce, and he and Church remained friends. On October 25, 1975, decedent and appellee were married. On August 13, 1983, Mr. Wilmore died. The applicable statute on the date of the Wilmore-Church divorce in 1971 read as follows:

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or *to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof,* whether such contract or policy was heretofore or shall hereafter be written or become effective, and unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate: Provided, That the company issuing such policy or contract shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or on behalf of the insured or the estate of the insured or one of the heirs of the insured, or any other person having an interest in such policy or contract of a claim thereunder and the aforesaid divorce." MCL 552.101; MSA 25.131 (emphasis added).

After initially denying appellee's motion for summary judgment on the ground that whether or not Ms. Church was named as beneficiary in anticipation of marriage created a question of fact, the trial judge, on reconsideration, granted the motion. This appeal resulted.

Appellant argues that MCL 552.101; MSA 25.131 is not applicable to the present case because she was named Mr. Wilmore's beneficiary due to their friendship and not in anticipation of or during

marriage. Appellant succinctly states her position in her appeal brief as follows:

> "Cross Defendant-Appellant respectfully submits that if the Legislature of the State of Michigan had intended the statutory phrase, 'in which she was named or designated as beneficiary', to eliminate the rights of all women who were named as beneficiaries on policies of insurance prior to the time they became the spouses of their later divorced and deceased ex-mates, it would not have included the language, *or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof.'* in this enactment of MCLA 552.101." (Emphasis added.)

In other words, appellant asserts that the language "or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof" is unnecessary if the statute was intended to eliminate claims of all women who became beneficiaries prior to the time they were married. It therefore must be, according to appellant, that the Legislature intended women who became beneficiaries before there was any thought of marriage were not within the purview of this statute. Appellant cites no authority for this position.

The interpretation of statutes indeed includes a rule that, if possible, meaning must be given to every word, sentence and section. However, this rule, and all others, are subordinate to the primary goal of determining the intent of the Legislature:

> "There seems to be no lack of harmony in the rules governing the interpretation of statues. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language

employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole." *City of Grand Rapids v Crocker,* 219 Mich 178, 182-183; 189 NW 221 (1922).

The use of the disjunctive "or to which" in the appellant's quote above renders the statute unambiguous despite the redundant language. A careful reading of the statute without that language leaves no doubt that the Legislature intended that all rights of the wife in and to the proceeds of any contract of insurance upon the life of the husband, in which the wife who is being divorced was named as beneficiary at the time of the divorce, regardless of when and how she was named, were to be determined by the judgment.

Where the statute is unambiguous the court may not change the plain meaning by interpretation, unless a literal reading would produce an absurd or unjust result. *Owendale-Gagetown School Dist v State Board of Education,* 413 Mich 1, 8; 317 NW2d 529 (1982). The purpose of the 1939 amendment to MCL 552.101; MSA 25.131 was to resolve the situation where a divorced wife could inadvertently receive the proceeds of a forgotten policy.

"Prior to the addition in 1939 of the above-quoted portion of the statute to MCLA § 552.101, the wife was entitled to the proceeds of the policy when she remained the designated primary beneficiary *after a divorce. Ancient Order of Hibernians v Mahon* (1922), 221 Mich 213, and *Guaranteee Fund Life Association v*

*Willett* (1927), 241 Mich 132. The effect of the amendment, as stated in the title to the statute, in the judgment of divorce, and, in the statute itself, was to affect the interest of the *wife* in the insurance policy and thus cure the situation where a divorced wife could *inadvertently receive* the proceeds of a perhaps forgotten policy. 'Inadvertently receive' should be stressed for the statute does not prohibit the husband or divorce judgment itself from retaining or renaming the wife as the primary beneficiary. It simply requires affirmative action on the part of the court or husband to retain the divorced wife as the primary beneficiary and thus eliminate what could be, and usually appears to be, the inadvertent payment of the life insurance proceeds to a divorced wife." *Starbuck v City Bank & Trust Co,* 384 Mich 295, 299; 181 NW2d 904 (1970) (emphasis in original).

The legislative purpose, absent the superfluous language, brings the instant case unquestionably within the meaning of the statute because appellant was the beneficiary at the time of the divorce, no affirmative action was taken by the deceased, and the fact that he was married to appellee nearly eight years before his death makes it likely that the failure to change beneficiaries was inadvertent. Giving the statute that meaning in this case does not produce an absurd or unjust result. On the contrary, it gives the proceeds to decedent's heirs or beneficiaries at the time of his death, rather than to a wife divorced 13 years before; the result that one would expect in the ordinary circumstances of life.

Had the Legislature intended the result for which appellant contends, simply changing the words "or to which" to "provided that" could have accomplished that purpose. That fact, coupled with the language used, outweighs any question arising from the apparent redundancy.

Affirmed.