## MOORE v MOORE

Docket No. 251822. Submitted April 12, 2005, at Detroit. Decided April 28, 2005, at 9:00 a.m. Leave to appeal sought.

Hetta Moore brought a divorce action in the Macomb Circuit Court against Clarke A. Moore, which action was resolved in a consent judgment of divorce that, consistently with the requirements of MCL 522.101, provided for each party's interests in the life insurance policies and retirement benefits of the other to be terminated. Claiming that the plaintiff had waived any right to the insurance and retirement benefits under the consent judgment of divorce, the estate of Clarke A. Moore, acting for the decedent, brought a motion for postjudgment relief seeking the proceeds of those benefits, which had been paid to the plaintiff, rather than the estate, by a third-party plan administrator, who determined that the beneficiary of the insurance policy and the pension death benefit had never been changed in spite of the termination of rights in the judgment of divorce. The court, Mark S. Switalski, J., denied the estate's motion on the basis of *Egelhoff v Egelhoff*, 532 US 141 (2001), which held that the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.*, preempts state law that relates to an ERISA plan and because there was no evidence to suggest that the decedent did not intend to leave the plaintiff as the beneficiary of the insurances. The defendant, by his estate, appealed.

The Court of Appeals *held*:

The plaintiff is not entitled to the proceeds from the insurance policy and the pension death benefit because she expressly waived any entitlement to them in the divorce judgment. MCL 552.101 mandates that a judgment of divorce contain some language that disposes of the parties' rights to insurance policies and retirement and pension plans. In that statutorily required disposition of rights in the judgment, a party can explicitly, voluntarily, and in good faith waive any known rights to ERISA plan benefits even where the party may be the named beneficiary. The plaintiff waived those rights. The estate of the decedent is entitled to the benefits.

Reversed and remanded for entry of judgment in favor of the defendant.

DIVORCE — CONSENT JUDGMENTS — EMPLOYER-PROVIDED BENEFITS — WAIVERS —
    EMPLOYEE RETIREMENT INCOME SECURITY ACT.

> The Employee Retirement Income Security Act (ERISA) does not
> preempt an explicit, voluntary, and good-faith waiver in a consent
> judgment of divorce by one spouse of the right as named benefi-
> ciary to receive the proceeds of life insurance or other ERISA-
> regulated benefits of the other spouse (29 USC 1001 *et seq.*; MCL
> 552.101).

*James T. Miller* for the plaintiff.

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C.*
(by *Phillip L. Sternberg*), for the defendant.

Before: SAAD, P.J., and FITZGERALD and SMOLENSKI, JJ.

SAAD, P.J. The deceased defendant, by his estate,
appeals by delayed leave granted the trial court's order
that denied defendant's motion for postjudgment relief.
We reverse and remand.

### I. NATURE OF THE CASE

We address the question of who is entitled to the
proceeds of a life insurance policy and a pension death
benefit, the decedent's estate or decedent's former wife.
Here, the decedent named plaintiff, his former spouse,
as the beneficiary, but after the divorce he died without
changing the beneficiary designation. The decedent and
his former wife had entered into a consent judgment of
divorce that provided that each party's interests in the
other party's life insurance policies[1] was terminated by
the judgment of divorce. The estate of Clarke A. Moore
maintains that plaintiff, Hetta Moore, waived any right
to retain the funds paid to her as the named beneficiary
by agreeing to the entry of the consent judgment of
divorce. On the other hand, plaintiff maintains that the

---

[1] The waiver also included pensions and other similar retirement plans.

Employee Retirement Income Security Act (ERISA)[2] preempts the Michigan statute[3] that mandates that all judgments of divorce contain language disposing of each party's interest in the other's retirement and pension plans, and that this preemption negates any claimed waiver. Accordingly, plaintiff argues that she is entitled to retain the funds as the named beneficiary.

Though the United States Supreme Court has held that ERISA preempts state statutes that relate to benefits plans governed by ERISA, this case involves a question of the waiver of the rights to retain funds, not the question of ERISA preemption. Here, the question is not whether a plan administrator should be required to determine whether someone other than the named beneficiary is entitled to the proceeds of an ERISA plan, but whether ERISA mandates that a named beneficiary who has expressly waived her right to those proceeds in a consent judgment of divorce should be allowed to retain those funds. We hold that a named beneficiary to an ERISA benefits plan who has expressly waived an interest in that plan in a consent judgment of divorce is not entitled to retain those benefits.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff and the decedent were divorced on April 12, 1999. The judgment of divorce, signed by both parties, contained the following provisions concerning life insurance and pension and annuity benefits:

> IT IS FURTHER ORDERED AND ADJUDGED that *any* right of either party in *any* policy or contract of life,

---

[2] 29 USC 1001 *et seq.*

[3] MCL 552.101.

endowment or annuity insurance of the other, as benefi-
ciary are hereby *extinguished* unless specifically preserved
by this Judgment.

* * *

IT IS FURTHER ORDERED AND ADJUDGED that
*any* right of either party in:

A. *Any* vested pension or annuity or retirement benefits,

B. *Any* accumulated contributions in any pension, an-
nuity, or retirement system,

C. *Any* right or contingent right in and to unvested
pension, annuity, or retirement benefits,

of the other party is hereby extinguished unless specifically
preserved by this Judgment or a Qualified Domestic Rela-
tions Order. The parties hereto will enter into a Qualified
Domestic Relations Order as to Defendant, Clarke A.
Moore, Jr.'s, pension through his employment. [Emphasis
added.][4]

During the marriage, the decedent designated plaintiff
as the beneficiary of an employment life insurance
policy worth $60,000 and a pension death benefit worth
$72,000. Following the death of the decedent on Febru-

---

[4] Because *MacInnes v MacInnes*, 260 Mich App 280; 677 NW2d 889
(2004), is controlling, we quote here the "waiver" language at issue in
*MacInnes* to compare that language with the waiver provision quoted
above:

"It is further ordered and adjudged, that except as otherwise
provided, all rights of either party in and to the proceeds of any
policy or contract of life insurance, endowment, or annuity upon
the life of the other in which said party was named or designated
as beneficiary, or to which said party became entitled by assign-
ment or change of beneficiary during the marriage or in anticipa-
tion thereof, whether such contract or policy was heretofore or
shall hereafter be written or become effective, shall hereupon
become and be payable to the estate of the owner of said policy, or
such named beneficiary as shall hereafter be affirmatively desig-
nated." [*Id.* at 287-288.]

ary 17, 2003, his estate sought to receive these proceeds, but learned from the plan administrator that these funds had already been disbursed to the named beneficiary. Relying on the waiver language in the divorce judgment, defendant moved for postjudgment relief in the divorce case to invoke the trial court's jurisdiction to enforce its judgment of divorce and asked the trial court to order plaintiff to turn the proceeds over to the estate. The trial court ruled that plaintiff was entitled to the proceeds because she was the named beneficiary and because the waiver language was invalid, as being preempted by ERISA.

### III. ANALYSIS

Defendant argues that the trial court erroneously denied the motion for payment of the funds because the consent judgment of divorce clearly terminated any interest plaintiff had in the decedent's pension death benefit and life insurance policy.

### A. ERISA AND PREEMPTION

In *Egelhoff v Egelhoff*, 532 US 141, 148; 121 S Ct 1322; 149 L Ed 2d 264 (2001), the United States Supreme Court held that an ERISA plan administrator must pay plan benefits, such as the proceeds at issue here, to the named beneficiary only.[5] However, in *Mac-*

---

[5] The Retirement Equity Act of 1984 provides an exception to this restriction. A qualified domestic relations order (QDRO) "creates or recognizes the existence of an alternative payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under the plan . . . ." 29 USC 1056(d)(3)(B)(i)(I). Thus, a QDRO is exempted from ERISA's preemption provisions and may be used to distribute funds to a payee who was not a named beneficiary. 29 USC 1144(b)(7). Here, plaintiff concedes that no QDRO was filed with respect to the proceeds at issue.

*Innes v MacInnes,* 260 Mich App 280, 286-290; 677 NW2d 889 (2004), this Court determined that *Egelhoff* was inapposite in a case with a fact pattern nearly identical to that in this case. The ultimate issue in *MacInnes* was whether the named beneficiary had waived any right under ERISA to funds payable from ERISA benefit plans.

*Egelhoff* involved a state of Washington statute that provided that a judgment of divorce *automatically* revokes a named beneficiary designation in all nonprobate assets, including life insurance policies and retirement and pension plans. *Egelhoff, supra* at 144. By contrast, MCL 552.101 does not revoke such designations by operation of law but mandates that a trial court's judgment of divorce contain some language that disposes of the parties' rights to such benefits. Here, unlike in *Egelhoff,* defendant does not argue that the plan administrator should have paid the funds to someone other than the named beneficiary; rather, like in *MacInnes,* defendant argues that the named beneficiary, having received the funds, was not entitled to retain them because she had waived that right in a consent judgment of divorce. Accordingly, this case does not implicate ERISA's preemption provisions, but, instead, is governed by principles of waiver and the issue is: Did plaintiff waive her right to retain the funds paid to her as named beneficiary? See *MacInnes, supra.*

### B. WAIVER

Plaintiff is not entitled to the proceeds from the insurance policy and the pension death benefits because she expressly waived any entitlement in the divorce judgment. *MacInnes, supra* at 286-290. The facts of this

case are nearly identical[6] to those in *MacInnes*. In *MacInnes*, this Court stated, in language equally applicable here, "The circumstances of this case convince us that the issue presented is most appropriately resolved under principles of waiver rather than preemption." *MacInnes, supra* at 286.

As our Court noted in *MacInnes*, the federal courts are split on the question whether ERISA preempts an attempt to explicitly waive a named beneficiary's rights to an interest in an ERISA-regulated benefits plan. *Id.* The United States Court of Appeals for the Sixth Circuit has held that a common-law waiver cannot override the designation of a named beneficiary under ERISA. *Metropolitan Life Ins Co v Pressley*, 82 F3d 126, 129-130 (CA 6, 1996); see also *MacInnes, supra* at 286-287 n 4. The trial court here relied on *Pressley* to rule in favor of plaintiff.[7] However, *Pressley* represents the minority view on this issue. *MacInnes, supra* at 286 n 4. The majority and better view holds that a person can explicitly waive his rights to ERISA plan benefits even where he may be the named beneficiary. *Id.* at 286, citing *Melton v Melton*, 324 F3d 941 (CA 7, 2003). With respect to questions of federal law, this Court is not bound by precedent from federal courts except the United States Supreme Court. *Cowles v Bank West*, 263 Mich App 213, 233; 687 NW2d 603 (2004). However, where the United States Supreme Court has not resolved an issue, a state court may choose among conflicting lower federal court decisions, as we do, to adopt the rule it determines to be most appropriate. *MacInnes, supra* at 286 n 3, citing *Schueler v Weintrob*, 360

---

[6] See n 4 of this opinion.

[7] We note that the trial court issued its ruling on August 6, 2003, several months before our Court's release of *MacInnes* on January 8, 2004.

Mich 621, 634; 105 NW2d 42 (1960). This Court expressly repudiated the minority view that waiver is not permitted by ERISA and, instead, adopted the majority view that allows waiver. *MacInnes, supra* at 286.

To determine whether a waiver is valid, our courts have asked if the waiver of ERISA-regulated benefits is explicit, voluntary, and made in good faith. *MacInnes, supra* at 287, citing *Melton, supra* at 945-946. As our Court in *MacInnes* said, quoting *Melton*, " 'Essentially, when we are evaluating whether the waiver is effective in a given case, we are more concerned with whether a reasonable person would have understood that she was waiving her interest in the proceeds or benefits in question than with any magic language contained in the waiver itself.' "[8] Michigan courts define "waiver" as the voluntary and intentional relinquishment of a known right. *MacInnes, supra* at 287.

Plaintiff does not argue that she did not knowingly and voluntarily agree to the waiver language contained in the judgment of divorce. Instead, she argues, disingenuously in our view, that this language is too vague to be considered a waiver. However, in *MacInnes*, this Court held that nearly identical language[9] explicitly demonstrated that each party intended to waive any interest in the other's ERISA-regulated policies. *Id.* at 288. Here, plaintiff's attorney prepared the divorce judgment, and plaintiff signed it. The language in the divorce judgment is plainly a waiver of plaintiff's rights to the decedent's insurance proceeds and pension death

---

[8] *MacInnes, supra* at 287, quoting *Melton, supra* at 945-946.

[9] The language at issue here differs in form, but not substance, from the language in *MacInnes*. We emphasize that "waiver" will be found where, as here, a reasonable person would have understood that she was waiving her interest in the proceeds or benefits in question. In other words, there is no "magic" language required for a finding of waiver.

benefits. Therefore, we hold that the trial court should have ordered plaintiff to turn over the proceeds of decedent's insurance policy and pension death benefits to defendant.

### IV. CONCLUSION

Reversed and remanded for entry of judgment in favor of defendant consistent with our opinion.[10] We do not retain jurisdiction.

---

[10] In light of our resolution of the above issue, we need not address the other issues that defendant raised on appeal.