*In re* GENAW ESTATE

Docket No. 284214. Submitted July 14, 2009, at Detroit. Decided October 6, 2009, at 9:00 a.m.

Gaylord Genaw, Jr., as representative of the estate of Gaylord Genaw, Sr., deceased, brought an action in the St. Clair Probate Court against Cindy Genaw and Unum Life Insurance Company, seeking to recover the money that Unum had paid Cindy Genaw under the decedent's life insurance policy. Although Cindy Genaw was the named beneficiary of the policy, she had divorced the decedent three days before his death, and the divorce judgment expressly extinguished the parties' interests in each other's life insurance policies. Cindy Genaw filed her benefit claim with Unum as an "ex-spouse" of the decedent, and the decedent's death certificate, which Unum received in connection with the claim, also indicated that he was divorced. The court, John D. Tomlinson, J., granted summary disposition in plaintiff's favor with respect to both Cindy Genaw and Unum, reasoning that the claim and loss report that Genaw had filed constituted written notice of a claim and the divorce by "any other person having an interest in the policy" under MCL 552.101(2), which does not specify that the notice be given by someone other than the named beneficiary. Unum appealed.

The Court of Appeals *held*:

MCL 552.101(2), which absolves an insurance company from liability for payment of proceeds from a life insurance policy to the designated beneficiary unless it receives written notice of a claim under the policy and of a divorce, does not require that the notice be given by someone other than the named beneficiary. Rather, it allows such notice to be provided by or on behalf of the insured or the estate of the insured, one of the heirs of the insured, or any other person having an interest in the policy. This interpretation is consistent with the purposely broad and encompassing statutory language that is evidenced by the use of the word "any," as well as with caselaw defining "notice" as whatever is sufficient to direct a person's attention to prior rights or equities of a third party and to enable that person to ascertain their nature by inquiry. This interpretation also fulfills the statute's intended purpose of pre-

cluding the inadvertent payment of benefits to a former wife who had waived her rights to the insurance policy in the divorce.

Affirmed.

Judge FITZGERALD, dissenting, stated that the fact that Genaw and the decedent were divorced was not enough to notify Unum that Genaw, as the policy beneficiary, had no rights to the proceeds of the policy. The plain language of the statute absolves an insurer of liability for paying its proceeds in accordance with the terms of the policy unless, before the payment, it receives written notice of a claim and of the divorce from the insured or the estate of the insured, the heirs of the insured, or any other person having an interest in the policy. A claim by such a person would give the insurer notice that the former wife's interest in the policy had been extinguished and that a claim by someone other than the beneficiary existed. Thus, "other person" logically means a person other than the claimant and beneficiary already known to the insurer.

INSURANCE — LIFE INSURANCE — DIVORCE — NOTICE.

 The statutory provision that absolves an insurance company from liability for payment of proceeds from a life insurance policy to the designated beneficiary unless it receives written notice of a claim under the policy and of a divorce does not require that the notice be given by someone other than the named beneficiary (MCL 552.101[2]).

*Heyboer & Floyd, P.L.L.C.* (by *David R. Heyboer*), for plaintiff.

*Miller Johnson* (by *D. Andrew Portinga* and *J. Michael Smith*) for defendants.

Before: TALBOT, P.J., and FITZGERALD and HOEKSTRA, JJ.

TALBOT, P.J. Defendant Unum Life Insurance Company, appeals as of right the order granting summary disposition in favor of plaintiff, Gaylord Genaw, Jr., as personal representative of the Genaw Estate (the Estate). We affirm.

I. FACTUAL AND PROCEDURAL HISTORY

This action involves the erroneous payment of insurance proceeds to defendant Cindy Genaw (Genaw), the ex-wife of plaintiff's decedent. In 2001, the decedent obtained an insurance policy with Unum valued at $111,000 and designated Genaw as his beneficiary. The decedent and Genaw divorced on July 3, 2006. Their judgment of divorce specifically contained a waiver provision, which extinguished both parties' respective interests in any insurance policy on the other's life. Only days after the entry of the divorce judgment, the decedent was killed in an automobile accident. His beneficiary designation on the life insurance policy with Unum had not been changed.

On October 2, 2006, a loss report was completed that listed Genaw as the claimant and designated her relationship to the decent as an "ex-spouse." Approximately two weeks later, Genaw filed a claim for benefits and indicated on the form that the decedent was divorced. A death certificate, which indicated decedent's marital status as divorced, was also submitted with a copy of the benefits claim. Upon receipt of the claim information, Unum conducted an investigation and determined that benefits were payable pursuant to its policy. Shortly after receiving a copy of the beneficiary designation form, which continued to list Genaw as the policy beneficiary, Unum remitted payment to her in the full amount of the policy.

Approximately one month later, plaintiff was appointed the personal representative of the decedent's estate and became aware of the existence of the Unum policy. Plaintiff contacted Unum on January 16, 2007, seeking to claim the policy benefits on behalf of the Estate. Unum denied the claim on the ground that the policy had already been discharged. Plaintiff initiated

litigation against Genaw and Unum to recover the monies remitted by Unum for the Estate. The trial court granted partial summary disposition in favor of plaintiff against Genaw in the amount of $111,000. The trial court ordered that the funds remaining in Genaw's bank account that Unum had paid her, which amounted to $42,659.54, be seized and held in escrow in partial satisfaction of the judgment.[1] In addition, the trial court granted partial summary disposition in favor of plaintiff against Unum in the amount of $111,000, with a setoff for $42,659.54, the amount recovered from Genaw. This appeal focuses exclusively on the interpretation and meaning of the statutory language comprising MCL 552.101(2).

## II. STANDARD OF REVIEW

"The goal of statutory interpretation is to discern and give effect to the intent of the Legislature from the statute's plain language." *Houdek v Centerville Twp*, 276 Mich App 568, 581; 741 NW2d 587 (2007). "If the meaning of a statute is clear and unambiguous, then judicial construction to vary the statute's plain meaning is not permitted." *Id.* "The Legislature is presumed to have intended the meaning it plainly expressed." *Watson v Bureau of State Lottery*, 224 Mich App 639, 645; 569 NW2d 878 (1997). Further, "[a] court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. Statutory language should be construed reasonably, keeping in mind the purpose of the act." *Id.* (citation omitted). "[W]e are bound to interpret plain statutory language

---

[1] The trial court also awarded plaintiff $15,650 in damages against Genaw, finding her in violation of MCL 700.1205(4) for wrongful conversion or embezzlement of property rightfully belonging to the Estate.

as written." *Dawe v Dr Reuvan Bar-Levav & Assoc, PC*, 279 Mich App 552, 569; 761 NW2d 318 (2008), lv gtd 483 Mich 999 (2009).

### III. ANALYSIS

MCL 552.101(2) states, in its entirety:

> Each judgment of divorce or judgment of separate maintenance shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the husband in which the wife was named or designated as beneficiary, or to which the wife became entitled by assignment or change of beneficiary during the marriage or in anticipation of marriage. If the judgment of divorce or judgment of separate maintenance does not determine the rights of the wife in and to a policy of life insurance, endowment, or annuity, the policy shall be payable to the estate of the husband or to the named beneficiary if the husband so designates. *However, the company issuing the policy shall be discharged of all liability on the policy by payment of its proceeds in accordance with the terms of the policy unless before the payment the company receives written notice, by or on behalf of the insured or the estate of the insured, 1 of the heirs of the insured, or any other person having an interest in the policy, of a claim under the policy and the divorce.* [Emphasis added.]

As discussed by this Court in *Metropolitan Life Ins Co v Church*, 150 Mich App 539, 544-545; 389 NW2d 124 (1986):

> The purpose of the 1939 amendment to MCL 552.101 . . . was to resolve the situation where a divorced wife could inadvertently receive the proceeds of a forgotten policy.

> "Prior to the addition in 1939 of the above-quoted portion of the statute to MCLA § 552.101, the wife was entitled to the proceeds of the policy when she remained the designated primary beneficiary *after a divorce. Ancient Order of Hibernians v Mahon* (1922), 221 Mich 213 [190 NW 696]

and *Guarantee Fund Life Association v Willett* (1927), 241
Mich 132 [216 NW 369]. The effect of the amendment, as
stated in the title to the statute, in the judgment of divorce,
and, in the statute itself, was to affect the interest of the
*wife* in the insurance policy and thus cure the situation
where a divorced wife could *inadvertently receive* the pro-
ceeds of a perhaps forgotten policy. 'Inadvertently receive'
should be stressed for the statute does not prohibit the
husband or divorce judgment itself from retaining or
renaming the wife as the primary beneficiary. It simply
requires affirmative action on the part of the court or
husband to retain the divorced wife as the primary benefi-
ciary and thus eliminate what could be, and usually ap-
pears to be, the inadvertent payment of the life insurance
proceeds to a divorced wife." *Starbuck v City Bank & Trust
Co*, 384 Mich 295, 299; 181 NW2d 904 (1970) (emphasis in
original).

Clearly, the purpose of the statute is to resolve incon-
sistencies and problems that originated in family law
when an ex-spouse waived his or her right to a policy of
insurance (or other benefit) but a change in beneficiary
was not effectuated. This is evidenced by the language
that precedes the disputed portion of the statutory
subsection imposing a requirement that all judgments
of divorce include provisions clarifying the rights of
former spouses to retain an interest in certain identi-
fied benefits or policies.

On appeal, it is the contention of Unum, which the
dissent adopts, that the language of MCL 552.101(2)
does not encompass notice of a claim asserted by a
beneficiary, and that the information provided by
Genaw, which merely alerted Unum to the existence of
a divorce without submission of an actual copy of the
judgment or its explicit terms, was insufficient to place
the insurer on notice or to impose liability for a pay-
ment of the insurance proceeds that was consistent
with the policy's beneficiary designation. However, such

an interpretation is not consistent with the actual language of the statute because it improperly inserts wording that does not exist into the statutory provision.

The statutory language absolves an insurance company from liability for payment of the policy proceeds to the designated beneficiary unless it "receives written notice . . . of a claim under the policy and the divorce." The statute requires only notice "of a claim . . . and the divorce." The statutory requirement that notice of the existence of a divorce be provided does not equate to a mandate that an actual copy of the document or detailed information regarding the content of a judgment of divorce be submitted in conjunction with the filing of a claim. This is consistent with the definition of "notice" provided in caselaw as

> "whatever is sufficient to direct attention . . . to prior rights or equities of a third party and to enable him to ascertain their nature by inquiry. Notice need only be of the possibility of the rights of another, not positive knowledge of those rights. Notice must be of such facts that would lead any honest man, using ordinary caution, to make further inquiries in the possible rights of another in the property." [*Royce v Duthler*, 209 Mich App 682, 690; 531 NW2d 817 (1995), quoting *Schepke v Dep't of Natural Resources*, 186 Mich App 532, 535; 464 NW2d 713 (1990).]

Interpreting the statute as merely requiring the providing of notice of the existence of a divorce is consistent with its language and fulfills the intended purpose of precluding the inadvertent payment of benefits to the wrong person.

In addition, the statutory language allows such notice to be provided "by or on behalf of the insured or the estate of the insured, 1 of the heirs of the insured, *or any other person having an interest in the policy.*" (Emphasis added.) Through a strained path of reason-

ing, the dissent and Unum contend that "any other person having an interest in the policy" excludes a named beneficiary. However, that is inconsistent with the statutory language. The wording is not restrictive, as denoted by the use of the word "any." The statute is purposely broad and encompassing and requires an inclusive definition of who may satisfy the definition of "any other person having an interest in the policy." It is difficult to comprehend how a designated beneficiary would not be encompassed by such a definition. As indicated by the statutory language, the insured, the insured's estate, and an heir are specifically identified as having a potential interest in a policy. Who, other than a designated beneficiary, could also be construed as having an identifiable "interest" in the policy? Given the intent of the statutory provision to preclude "inadvertent payment" of benefits to the wrong individual, it cannot be disputed that the designated beneficiary, if unchanged following entry of a divorce judgment, is the most obvious person the provision should target to prevent him or her from receiving the proceeds of the policy and the most likely to assert a claim.

While factually distinguishable from the present case, our Supreme Court's ruling in *Thom v Washington Nat'l Ins Co*, 341 Mich 522; 67 NW2d 809 (1954), is instructive. In *Thom*, a dispute existed regarding whether an estate administrator had provided the insurance company with notice of the decedent's divorce from the designated policy beneficiary. The Court determined that the estate did not have a cause of action against the insurance company based on the failure to provide notice to the insurer of the existence of a divorce. *Id.* at 523-525. The *Thom* Court ruled in relevant part "that 'giving plaintiff's testimony its full weight and considering the alleged writing made by the woman clerk to be written notice, there is no testimony

that such notice or information advised the defendant insurance company *that a divorce decree had been entered.'* " *Id.* at 526 (emphasis added). Notably, the Court merely required notice of the entry of a divorce decree, not the actual submission of the judgment or a detailed elucidation of its provisions.

In *Thom*, the Court determined that notice of a divorce had not been provided. Hence, the insurance company could not be held liable given the language of MCL 552.101. Accordingly, the Court's ruling is reasonable:

> The statute is explicit and we are not acquainted with any reason to depart from its terms and in effect, in a case such as this, place upon the company the onus of investigating all ramifications of a patently defective notice. We feel that the statute is intended to do more than put the company "on guard." It is intended to be a conclusive determinant of liability if the prescribed procedure is followed. [*Id.* at 526-527.]

In contrast, in the circumstances of this case, it is undisputed that Genaw reported her marital status as that of an ex-wife and informed the insurance company of the existence of the divorce from the decedent as part of her claim submission. Consistent with the holding in *Thom*, this notice did more than merely place the insurance company "on guard"; it required them to investigate further before remitting payment of the benefits to the designated beneficiary. Further, the statute only implies that an insurance company may be liable if it pays the proceeds of a policy to a designated beneficiary despite having received notice of a claim and the existence of a divorce. The statute does not mandate the automatic imposition of liability following the receipt of notice. In accordance with the statute, an insurance company is only "discharged" from the imposition of liability if it pays the benefits in accordance

with the policy designation and does not receive written notice of a claim and a divorce.

Under the factual circumstances of this case, it is undisputed that Unum received a claim from Genaw that specifically acknowledged both her status as the ex-wife of the decedent and the existence of a divorce. Consequently, this information, submitted in conjunction with her claim, was sufficient to meet the notice requirement imposed by the existing statutory language, and the insurance company was not absolved of its liability for payment of the proceeds to the designated beneficiary.

It is important to recognize that this statute may prove to be more confusing than helpful to insurance companies given that the determination of the proper beneficiary for payment of policy proceeds is highly dependent on factual circumstances unique to each case. For example, a specific concern is the statute's failure to indicate when it is preempted under ERISA, 29 USC 1001 *et seq*. Although these parties have stipulated that this policy is exempt from ERISA because it was not issued as an employee-related benefit, in cases where MCL 552.101 is preempted, irrespective of having received notice of a divorce, insurance companies are mandated to pay insurance policy proceeds in accordance with the contractual beneficiary designation. *Sweebe v Sweebe*, 474 Mich 151, 154-155; 712 NW2d 708 (2006), citing 29 USC 1104(a)(1)(D). Consistent with preemption, in cases falling within the purview of ERISA, liability is typically assigned to the ex-spouse who engaged in the fraudulent or wrongful retention of the policy proceeds after having waived such benefits within a judgment of divorce. *Moore v Moore*, 266 Mich App 96, 98; 700 NW2d 414 (2005).[2]

---

[2] See also *Metropolitan Life Ins Co v Flusty*, 545 F Supp 2d 624 (ED Mich, 2008); *Brown v Wright*, 511 F Supp 2d 850 (ED Mich, 2007);

While the more logical and straightforward course would be to adopt the methodology and procedure followed by cases preempted by ERISA, it is for the Legislature to determine whether the statute should be modified. In the interim, the courts can only attempt to follow the dictates of the current statutory language as it is written.

Affirmed.

Hoekstra, J., concurred.

Fitzgerald, J. (*dissenting*). I respectfully dissent because I do not believe that Cindy Genaw, as the contractual beneficiary of the insurance policy, is one of the persons qualified to provide the necessary notice under MCL 552.101(2).

Unum Life Insurance Company issued a group insurance policy to Upper Northwest Bankers Association.[1] The policy provided accidental death and disability (AD&D) coverage for customers of members of the Northwest Bankers Association who enrolled under the policy, including decedent, who was married to Genaw. Decedent enrolled in the plan on August 10, 2001, and designated Genaw as his beneficiary. Decedent had a total of $111,000 in AD&D coverage, including benefits payable under an escalator clause.

The Genaws divorced on July 3, 2006. The judgment of divorce expressly extinguished the interest of each party in any insurance policy on the life of the other

---

*Seaman v Johnson*, 184 F Supp 2d 642 (ED Mich, 2002); *Metropolitan Life Ins Co v Pressley*, 82 F3d 126 (CA 6, 1996); *Kennedy v Plan Administrator for DuPont Savings and Investment Plan*, ___ US ___; 129 S Ct 865; 172 L Ed 2d 662 (2009); *Egelhoff v Egelhoff*, 532 US 141; 121 S Ct 1322; 149 L Ed 2d 264 (2001).

[1] The policy is not a benefit covered by the Employees Retirement Income Security Act of 1974 (ERISA).

party. On July 6, 2006, decedent died as the result of an automobile accident. The death certificate lists decedent's marital status as divorced.

On October 2, 2006, a loss report was completed that listed Genaw as the claimant and her relationship to decedent as "ex-spouse." On October 16, 2006, Genaw filed a claim for benefits, checking the box on the claim form to indicate that decedent was divorced. Insurance Administrative Services, Inc. (IAS), forwarded the written claim and a copy of the death certificate to Unum.

In November 2006, Unum conducted an investigation of Genaw's claim and determined that the death was a loss for which policy benefits were payable. On December 1, 2006, Unum received a copy of the beneficiary designation form naming Genaw as the policy beneficiary. On December 4, 2006, Unum paid Genaw the $111,000 in benefits payable under the policy. Unum knew before paying the claim that decedent and Genaw were divorced.

On December 18, 2006, plaintiff was appointed personal representative of decedent's estate. Until that time, he was unaware of the existence of the Unum policy. On January 16, 2007, plaintiff contacted Unum, seeking the policy's benefits. This was the first time that Unum became aware of plaintiff's claim to the policy benefits. On January 19, 2007, Unum denied the claim because the policy had already been discharged.

Plaintiff thereafter sued Genaw and Unum and managed to recoup $42,659.94 from Genaw's savings account, which was all she had left of the insurance proceeds.[2] Plaintiff eventually moved for summary disposition under MCR 2.116(C)(10), asserting that the

---

[2] The record reveals that Genaw's expenditures from the insurance proceeds included, among other things, cash gifts to her sons and the purchase of a car.

estate had a right as a matter of law to the balance of
the policy's benefit. The probate court ordered Unum to
pay the balance, $68,340.46. The court's decision
turned on its interpretation of MCL 552.101(2), which
provides as follows:

> Each judgment of divorce or judgment of separate
> maintenance shall determine all rights of the wife in and to
> the proceeds of any policy or contract of life insurance,
> endowment, or annuity upon the life of the husband in
> which the wife was named or designated as beneficiary, or
> to which the wife became entitled by assignment or change
> of beneficiary during the marriage or in anticipation of
> marriage. If the judgment of divorce or judgment of sepa-
> rate maintenance does not determine the rights of the wife
> in and to a policy of life insurance, endowment, or annuity,
> the policy shall be payable to the estate of the husband or
> to the named beneficiary if the husband so designates.
> *However, the company issuing the policy shall be dis-
> charged of all liability on the policy by payment of its
> proceeds in accordance with the terms of the policy unless
> before the payment the company receives written notice, by
> or on behalf of the insured or the estate of the insured, 1 of
> the heirs of the insured, or any other person having an
> interest in the policy, of a claim under the policy and the
> divorce.* [Emphasis added.]

The probate court held that the claim and loss report
filed by Genaw constituted written notice of a claim and
the divorce by "any other person having an interest in
the policy," and so Unum was not statutorily absolved of
liability. The court reasoned that a "careful reading" of
the statute "does not require that notice be given by
someone other than the named beneficiary." The court
concluded that the word "other" in the second to last
clause of the statute's last sentence "was meant to be an
all[-]inclusive clause including anyone else with an
interest in the policy other than the insured, his estate,

or one of his heirs." Thus, the court reasoned, Genaw was one of the persons qualified to give notice.

INTERPRETATION OF MCL 552.101(2)

Under MCL 552.101(2), a judgment of divorce is to determine all rights of the wife in and to, among other things, any policy of life insurance on the life of the husband in which the wife was named as beneficiary. Only if the judgment of divorce does not determine the rights of the wife in and to a policy of life insurance is the policy payable to the estate of the husband or to the named beneficiary if the husband so designates. Importantly, the statute also provides that the company issuing the policy shall be discharged of all liability on the policy by payment of its proceeds in accordance with the terms of the policy unless before the payment the company receives written notice by or on behalf of (1) the insured or the estate of the insured, (2) one of the heirs of the insured, or (3) any other person having an interest in the policy, of a claim and the divorce.

At issue in this case is whether Unum received the requisite written notice "by or on behalf of . . . any other person having an interest in the policy, of a claim and the divorce" before payment of its proceeds in accordance with the terms of the policy. This Court reviews de novo questions of statutory interpretation. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

The paramount rule of statutory interpretation is that we are to give effect to the intent of the Legislature. *Title Office, Inc v Van Buren Co Treasurer*, 469 Mich 516, 519; 676 NW2d 207 (2004). To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute

as written. This Court must "consider both the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.'" *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) (citation omitted). As far as possible, effect should be given to every phrase, clause, and word in the statute, and "we should avoid a construction that would render any part of the statute surplusage or nugatory." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).

Only one case interprets the pertinent last sentence of MCL 552.101(2). In *Thom v Washington Nat'l Ins Co*, 341 Mich 522; 67 NW2d 809 (1954), the decedent had purchased a life insurance policy from an insurance company that merged with the defendant. The defendant assumed the decedent's policy, which named his wife as his beneficiary. *Id.* at 523. The former insurance company had issued policies to members of the Automobile Club of Michigan, of which the decedent was a member. *Id.* at 523, 526. The decedent's policy was renewed annually with his club membership. *Id.* at 523. The decedent and his wife later divorced, but the beneficiary designation remained unchanged. *Id.* The decedent died five years after the divorce, after which his ex-wife filed a claim on the policy.

The plaintiff testified that after the decedent's death, he went to the Dearborn office of the automobile club and informed an unidentified clerk that the policy should be paid to the attorney for the estate. *Thom*, *supra* at 525. The plaintiff testified that the clerk wrote a memorandum with this information and attached it to the policy. The memorandum could not be located, however, and the defendant asserted that it had never received it. *Id.* The defendant paid the policy benefit to the ex-wife. *Id.* at 523. The estate sued them both for

improperly paying and receiving the benefit. The trial court concluded "that 'giving plaintiff's testimony its full weight and considering the alleged writing made by the woman clerk to be written notice, there is no testimony that such notice or information advised the defendant insurance company that a divorce decree had been entered.' " *Id.* at 526. The trial court ruled against the ex-wife for the full amount of the policy, but held that the plaintiff had no cause of action against the defendant insurer because the insurer had no notice of the divorce. *Id.* at 523-525. On appeal, the Supreme Court affirmed the lower court on the basis of the statutory language:

> The statute is explicit and we are not acquainted with any reason to depart from its terms and in effect, in a case such as this, place upon the company the onus of investigating all ramifications of a patently defective notice. We feel that the statute is intended to do more than put the company "on guard." It is intended to be a conclusive determinant of liability if the prescribed procedure is followed. [*Id.* at 526-527.]

Unlike the situation in *Thom*, Unum did in fact receive written notice of the divorce.[3] Specifically, the loss report form indicated that Genaw was decedent's "ex-spouse," and Genaw checked the box on the claim form indicating that decedent was divorced.

The fact that decedent and Genaw were divorced, however, is not enough to tell Unum that Genaw, as the beneficiary under the policy, had no right to the proceeds of the policy.[4] Indeed, the plain language of the

---

[3] The statute does not require submission of an actual copy of the judgment of divorce to put the insurer on notice.

[4] While MCL 552.101(2) requires that a judgment of divorce determine all rights of the wife in and to a life insurance policy, it does not require that the judgment extinguish those rights. Only when the judgment of

statute absolves an insurer of liability for paying its proceeds in accordance with the terms of the policy unless before the payment it receives written notice of a claim and of the divorce *from one of the persons identified in the statute.* These specified persons—(1) the insured or the estate of the insured, (2) the heirs of the insured, or (3) any *other* person having an interest in the policy—are plainly ones who *could* have an interest in the policy *if* the beneficiary designated in the policy no longer had a right to the benefits of the policy. A claim by such a person would clearly give the insurer notice of the extinguishment of the former wife/beneficiary's interest in the policy and of the existence of a claim by one other than the beneficiary designated in the policy. Thus, "other person" logically means a person other than the claimant (beneficiary) already known to the insurer. Absent written notice of a claim under the policy by one of the persons identified in the statute before making payment on its policy, the insurer is discharged of all liability on the policy for payment of its proceeds in accordance with the terms of the policy. This interpretation advances the clear purpose of the statutory language at issue, which is to protect an insurer that pays its policy proceeds in accordance with the terms of the policy absent the requisite notice of a claim by someone other than the beneficiary designated in the policy. In my view, the plain language of the statute mandates this conclusion.

divorce does not determine the rights of the wife in and to a life insurance policy does the policy become payable to the estate or to a named beneficiary if the husband so designates. Thus, the mere fact that the decedent was divorced did not give Unum notice that Genaw's rights in and to the policy were extinguished. Indeed, it is not unusual for a court to order a husband to maintain a policy of insurance on his life for the benefit of his wife or children.

While not necessary to reaching this conclusion, I note that reading "other person" as encompassing the designated beneficiary in the policy, as plaintiff suggests, violates the rule that the Legislature is presumed not to have included superfluous statutory language. See, e.g., *Backus v Kauffman (On Rehearing)*, 238 Mich App 402, 407; 605 NW2d 690 (1999) (citing "the rule against construing statutory provisions in a way that tends to render portions of the statute surplusage"). An insurer would always have received written notice of a claim before making payment, so if "other person" includes the designated beneficiary in the policy, the statute is redundant in requiring written notice of a claim and of the divorce by one of the persons named in the statute.[5]

I would reverse and remand for entry of an order granting summary disposition in favor of defendant Unum Life Insurance Company.

---

[5] In essence, if plaintiff's construction were adopted, the statute would read as follows: "However, the company issuing the policy shall be discharged of all liability on the policy by payment of its proceeds in accordance with the terms of the policy unless before the payment the company receives written notice . . . of the divorce." The statute clearly requires more than mere notice of the divorce.