# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 4, 2010

140017

GAYLORD GENAW, JR., Personal
Representative of the Estate of Gaylord
Genaw, Sr.,
            Plaintiff-Appellee,

v

CINDY GENAW,
            Defendant,
and

UNUM LIFE INSURANCE COMPANY,
            Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140017
COA: 284214
St Clair PC: 07-000069-CZ

On order of the Court, the application for leave to appeal the October 6, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion, and REMAND this case to the St. Clair Probate Court for entry of an order granting defendant Unum Life Insurance Company's motion for summary disposition. The defendant insurer was discharged from all liability under MCL 552.101(2) when it paid the policy benefits to the named beneficiary prior to receiving any notice of a competing or adverse claim to those benefits.

KELLY, C.J. (*dissenting*).

I would grant leave to appeal. At issue in this case is the interpretation of MCL 552.101(2), a statute that addresses entitlement to life insurance proceeds after a divorce. The statute declares that, absent an express designation to the contrary, once a divorce is final all policy benefits are payable to the insured. This addresses the problems posed when an ex-spouse is inadvertently left as the named beneficiary after a divorce. An additional clause protects insurance carriers. It provides that a carrier is discharged from

liability for distribution of the insurance proceeds if it pays them to the named beneficiary, absent notice of a competing claim.[1]

The issue in this case is whether notice was provided to the insurance company. Gaylord Genaw, Sr. was killed in a traffic accident just three days after he was divorced from his wife. The judgment expressly indicated that his ex-wife was not entitled to the proceeds of his life insurance policy. However, his ex-wife's designation as beneficiary on the policy was never changed. She took advantage of this after the accident and made a claim for the proceeds. Defendant paid them to her, even though she disclosed the divorce on the claim form and the death certificate she submitted to defendant also indicated that Gaylord was divorced. When Gaylord's son discovered that she had improperly collected the policy proceeds, he brought this action against her and against the insurance company.

The trial court ordered the ex-wife to turn over to plaintiff what remained of the proceeds. The court then held defendant liable for the remainder. The Court of Appeals affirmed this action in a published split opinion.[2] It found that the ex-wife qualified as "any other person having interest in the policy" under MCL 552.101(2). Because she had given defendant written notice of the divorce, the court found that defendant had received notice according to the statute and was therefore responsible for wrongfully disbursing

---

[1] MCL 552.101(2) states, in its entirety:

> Each judgment of divorce or judgment of separate maintenance shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the husband in which the wife was named or designated as beneficiary, or to which the wife became entitled by assignment or change of beneficiary during the marriage or in anticipation of marriage. If the judgment of divorce or judgment of separate maintenance does not determine the rights of the wife in and to a policy of life insurance, endowment, or annuity, the policy shall be payable to the estate of the husband or to the named beneficiary if the husband so designates. *However, the company issuing the policy shall be discharged of all liability on the policy by payment of its proceeds in accordance with the terms of the policy unless before the payment the company receives written notice, by or on behalf of the insured or the estate of the insured, 1 of the heirs of the insured, or any other person having an interest in the policy, of a claim under the policy and the divorce.* [Emphasis added.]

[2] *In re Genaw Estate,* 285 Mich App 660 (2009).

the funds.[3]  The dissenting judge would have held that a named beneficiary cannot qualify as an "other person having interest in the policy."[4]

The Supreme Court should resolve the correct interpretation of MCL 552.101(2). The majority has hastily accepted the dissenting opinion as correct without the benefit of full briefing or oral argument.  I find this troublesome because, under the language of the statute, petitioner's ex-wife, a named beneficiary of the policy, appears to be a "person having interest in the policy."  Nowhere does the statute contain a requirement that notice be given by someone other than the named beneficiary or that the insurer be advised of a competing claim to the insurance benefits.

Accordingly, I would grant leave to appeal to resolve the differing interpretations of the statute.

---

[3] Under the factual circumstances of this case, it is undisputed that Unum received a claim from Genaw that specifically acknowledged both her status as the ex-wife of the decedent and the existence of a divorce.  Consequently, this information, submitted in conjunction with her claim, was sufficient to meet the notice requirement imposed by the existing statutory language, and the insurance company was not absolved of its liability for payment of the proceeds to the designated beneficiary.  [*Id*. at 669.]

[4] [T]he plain language of the statute absolves an insurer of liability for paying its proceeds in accordance with the terms of the policy unless before the payment it receives written notice of a claim and of the divorce *from one of the persons identified in the statute*.  These specified persons—(1) the insured or the estate of the insured, (2) the heirs of the insured, or (3) any *other* person having an interest in the policy—are plainly ones who *could* have an interest in the policy *if* the beneficiary designated in the policy no longer had a right to the benefits of the policy.  A claim by such a person would clearly give the insurer notice of the extinguishment of the former wife/beneficiary's interest in the policy and of the existence of a claim by one other than the beneficiary designated in the policy.  Thus, "other person" logically means a person other than the claimant (beneficiary) already known to the insurer.  Absent written notice of a claim under the policy by one of the persons identified in the statute before making payment on its policy, the insurer is discharged of all liability on the policy for payment of its proceeds in accordance with the terms of the policy.  This interpretation advances the clear purpose of the statutory language at issue, which is to protect an insurer that pays its policy proceeds in accordance with the terms of the policy absent the requisite notice of a claim by someone other than the beneficiary designated in the policy.  In my view, the plain language of the statute mandates this conclusion.  [*Id*. at 675-676; emphasis in original (FITZGERALD, J., dissenting).]

4

HATHAWAY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 4, 2010

_Corbin R. Davis_
Clerk